**Paul Anthony McBRIDE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47944.**

Court of Criminal Appeals of Texas.

April 3, 1974.

Jake C. Cook (Court appointed), Fort Worth, for appellant.

Tim Curry, Dist. Atty., L. T. Wilson, Bill Mills and R. A. Sewell, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery by firearms; the punishment, 50 years.

Trial was held in March of 1973.

Ground of error number one complains of the argument of the prosecutor at the guilt-innocence stage of the trial, when, in speaking of the offense of robbery by firearms, he said:

"MR. WILSON: . . . It has been designated by the Legislature and, I think, justifiably so, as being in the category of the most serious offenses that we have in this state.

As I told you on voir dire, before the Supreme Court did away with the death penalty, it was one of the cases—

MR. COOK: We object to him mentioning the death penalty. It's an attempt to prejudice this jury and shouldn't be argued before the jury.

THE COURT: I'll overrule the objection.

MR. COOK: Note our exception.

THE COURT: You let him do it on the voir. dire so—

MR. COOK: Because he makes one mistake, I don't think that he's entitled to make another one.

THE COURT: All right. I will overrule the objection.

MR. COOK: Note our exception."

The voir dire is not brought forward with this record, but we can conclude from the above that the abolition of the death penalty had been explained to the jury at the time of their selection. This being true, the prosecutor, in his plea for law enforcement, did not commit reversible error.

By ground of error number two the appellant contends that he was deprived of ten days in which to prepare for trial as provided by Article 26.04, V.A.C.C.P.

■ This contention was raised for the first time at the hearing on the motion for new trial. At trial the appellant announced ready and no motion for continuance was filed. This record does not reflect when counsel was appointed, and it is therefore not controlled by Crothers v. State, Tex.Cr.App., 480 S.W.2d 642, where the record affirmatively showed that the defendant's counsel was appointed on the day that the trial commenced. It is undisputed that counsel had been appointed in ample time to represent this appellant in another cause pending against him, but it appears that through inadvertence no formal notice had been given counsel as to this particular cause number. Counsel did file, ten days prior to the commencement of this trial, a motion for discovery in both this cause and the other in which he had been formally appointed. We quote from the hearing on the motion for new trial:

"THE COURT: Yes. You are not taking the position that you didn't have ten days to prepare for trial are you?

THE WITNESS: (Counsel for the appellant) Well, indirectly I am, Your Honor.

THE COURT: Well, then you filed a motion for discovery on March 2 of 1973.

THE WITNESS: Yes, sir.

THE COURT: That was ten days before trial.

THE WITNESS: Yes, sir. My position is I wasn't appointed. I wasn't his attorney and therefore indirectly did not have ten days."

By filing a motion for discovery in the instant case, the record shows that counsel had ten days to prepare for trial. No error is shown.

The judgment is affirmed.