**Jose MARIN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1265–93.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 14, 1994.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

BAIRD, Judge.

Appellant was convicted of conspiracy to deliver cocaine and sentenced to twenty-five years confinement. Tex.Penal Code Ann. § 15.02; *and,* Tex.Rev.Civ.Stat.Ann. art. 4476-15, § 4.04(c) (*see now,* Tex.Health & Safety Code Ann. § 481.112(c)). The Court of Appeals affirmed. *Marin v. State,* 801 S.W.2d 944 (Tex.App.—Austin 1990). However, we vacated the judgment of the Court of Appeals and remanded the case to that Court. *Marin v. State,* 851 S.W.2d 275 (Tex. Cr.App.1993). The Court of Appeals again affirmed. *Marin v. State,* 862 S.W.2d 183 (Tex.App.—Austin 1993). We granted the instant petition for discretionary review to determine whether an appointed attorney who replaces the originally appointed counsel is entitled to ten days to prepare for trial under Tex.Code Crim.Proc.Ann. art. 1.051(e).[1] We will reverse.

**I.**

On February 16, 1988, appellant requested the appointment of counsel and the trial judge appointed John Gauntt to represent appellant. Gauntt was subsequently permitted to withdraw and Fancy Jezek was appointed to represent appellant on May 10, 1988. Appellant's trial began on May 16, 1988, six days later.

On direct appeal, appellant contended his conviction should be reversed because Jezek was not afforded ten days to prepare for trial as required by Tex.Code Crim.Proc.Ann. art. 1.051(e). The Court of Appeals held the issue was not preserved for appellate review because appellant made no objection at trial as required by Tex.R.App.P. 52(a). *Marin v. State,* 801 S.W.2d at 946. However, we held art. 1.051 provided for a waivable right only and Rule 52(a) did not apply to rights which were waivable; thus the failure to comply with art. 1.051(e) could be raised for the first time on appeal. *Marin v. State,* 851 S.W.2d

Troy C. Hurley, Temple, for appellant.

Arthur C. Eads, Dist. Atty., and James T. Russell, Asst. Dist. Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

---

1. Appellant's ground for review states:

    The Court of Appeals erred in holding that while the provisions of art. 1.051(e) of *Vernons Annotated Code of Criminal Procedure* is mandatory and that a court appointed attorney is entitled to a full ten (10) days to prepare for trial after appointment, that the statute does not literally mean that a subsequent appointed attorney is entitled to the said ten (10) days; only the original appointed attorney.

at 280. Additionally, we held a violation of art. 1.051(e) was not subject to a harm analysis, *Id.* at 281, and remanded to the Court of Appeals. On remand, the Court of Appeals affirmed, holding art. 1.051(e) does not apply to subsequently appointed counsel. *Marin v. State,* 862 S.W.2d at 185–186 (citing *Henry v. State,* 433 S.W.2d 430 (Tex.Cr.App.1968); and, *Roney v. State,* 632 S.W.2d 598 (Tex.Cr. App.1982)).

▮ The issue on the instant appeal is whether an appointed attorney who replaces the originally appointed counsel is entitled to ten days preparation time under Tex.Code Crim.Proc.Ann. art. 1.051(e). A review of the statute's legislative history as well as the decisional authority interpreting the statute is instructive.

## II.

Art. 1.051(e), in relevant part, provides:

> An appointed counsel is entitled to 10 days to prepare for a proceeding, but may waive the preparation time with the consent of the defendant in writing or on the record in open court.

The article has a legislative history spanning more than 130 years and six amendments.

The 1857 Code of Criminal Procedure provided:

> When the defendant is brought into Court, for the purpose of being arraigned, if it appear that he has no counsel, and is too poor to employ counsel, the Court shall appoint one or more practicing (sic) attorneys to defend him.

Tex.Code Crim.Proc.Ann. art. 466 (Old Code 1856, revised 1879). The Code of Criminal Procedure 1879 revision provided:

> When the defendant is brought into court for the purpose of being arraigned, if it appear that he has no counsel and is too poor to employ counsel the court shall appoint one or more practicing attorneys to defend him, and the counsel so appoint-

ed shall have at least one day to *prepare* for trial.

Tex.Code Crim.Proc.Ann. art. 511 (1879).[2]

In 1925, the Legislature created Tex.Code Crim.Proc.Ann. art. 494, which read:

> When the accused is brought into court for the purpose of being arraigned, if it appear that he has no counsel and is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. The counsel so appointed shall have at least one day to *prepare* for trial.

The 1957, the last sentence of art. 494 was changed to provide:

> The counsel so appointed shall have at least ten (10) days to *prepare* for trial, unless such time be waived in writing by said attorney.

Acts 1957, 55th Leg., p. 392, ch. 193, § 1.

The 1959 Legislature again amended the article to provide:

> Whenever it is made known to the court at arraignment or any other time that an accused charged with a felony is too poor to employ a counsel, the court shall appoint one (1) or more practicing attorneys to defend him.
>
> The counsel so appointed shall have ten (10) days to prepare for trial, unless such time be waived in writing by said attorneys and the accused.

Acts 1959, 56th Leg., p. 1061, ch. 484, § 1.

The 59th Legislature repealed art. 494 and enacted art. 26.04, which provided:

> (a) Whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with a felony or a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. In making the determination, the court shall require the accused to file an affidavit, and may call witnesses and hear any relevant testimony or other evidence.
>
> (b) The appointed counsel is entitled to ten days to *prepare* for trial, but may waive

2. All emphasis is supplied unless otherwise indicated.

the time by written notice, signed by the counsel and the accused.

Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722. In 1987 the Legislature amended the Code of Criminal Procedure, creating art. 1.051 and restructuring art. 26.04. Today, the former art. 26.04(b) is the first sentence of art. 1.051(e).

Two constants are readily apparent throughout this legislative history: 1) an indigent defendant has a right to court appointed counsel; and, 2) appointed counsel must have a minimum number of days to prepare.

### III.

#### A.

Our relevant precedent interpreting this article has consistently focused on the actual preparation time afforded appointed counsel, not the time of formal appointment, to determine compliance. More than a century ago, the former Court of Appeals held the statute, then art. 511 of the Code of Criminal Procedure, is "intended to secure time for necessary *preparation* to an intelligent management of the case, to the end that the party being tried shall have a fair trial." *Brotherton v. State*, 30 Tex.App. 369, 17 S.W. 932, 933 (1891).

In *Meeks v. State*, 456 S.W.2d 938, 939 (Tex.Cr.App.1970), we stated: "The purpose of Article 26.04(b) V.A.C.C.P. is *clearly* to guarantee to an indigent accused that he and his court appointed attorney will have a reasonable time in which they can *prepare* a defense." In *Moore v. State*, 493 S.W.2d 844, 845 (Tex.Cr.App.1973), we stated: "The purpose of Article 26.04, supra, is to protect an accused's right to have adequate time to *prepare* for trial." In *Henson v. State*, 530 S.W.2d 584 (Tex.Cr.App.1975), we said: "It is the *actual preparation time, not the time of formal appointment*, that determines whether a defendant has been given the mandatory preparation time for trial provided by the statute." *Id.*, 530 S.W.2d at 585 (citing

*McBride v. State*, 519 S.W.2d 433, 434 (Tex. Cr.App.1974); *Davis v. State*, 513 S.W.2d 928, 930 (Tex.Cr.App.1974); *and, Moore, supra.*).[3]

In *Ex parte Dowden*, 408 S.W.2d 512 (Tex. Cr.App.1966), and in *Crothers v. State*, 480 S.W.2d 642, 643 (Tex.Cr.App.1972), we held the appointment of an attorney to an indigent accused on the day of trial violated Tex.Code Crim.Proc.Ann. art. 26.04 (Vernon's 1965). In *Farmer v. State*, 419 S.W.2d 382, 383 (Tex.Cr.App.1967), we held it was error to deny the appointed attorney's request for ten days preparation for trial when he was appointed seven days before trial. And, in *Houston v. State*, 490 S.W.2d 851, 852 (Tex. Cr.App.1973), we held it was error to force the defendant to trial five days after the appointment of counsel because Tex.Code Crim.Proc.Ann. art. 26.04(b) required ten days preparation time.

#### B.

By focusing on the actual preparation time, and not the time of formal appointment, *Henson*, 530 S.W.2d at 585, to determine compliance with art. 1.051(e), we can fairly and effectively address the varied ways attorneys may be appointed. For example, in *Meeks, supra*, counsel was originally retained three months prior to trial and during that time he actively prepared for trial. However, within ten days of trial, counsel attempted to withdraw because he had not been paid for his services. The trial judge denied the request but appointed counsel to represent the defendant. *Id.*, 456 S.W.2d at 939. We held:

> The purpose of Article 26.04(b) V.A.C.C.P. is clearly to guarantee to an indigent accused that he and his court appointed attorney will have a reasonable time in which they can prepare a defense. In the present case, it is clear from the record that appellant's counsel had three months in which to prepare for trial. Appointment of counsel here was to allow payment to the lawyer for his services, and

---

**3.** The courts of appeals have also focused on preparation time when interpreting the statute. *Lujan v. State*, 626 S.W.2d 854, 863 (Tex.App.—San Antonio 1982) ("[I]t is apparent that the ten day preparation period refers to the *actual prepa-* *ration time* and not the time of formal appointment."); *Sheppard v. State*, 634 S.W.2d 953, 955 (Tex.App.—Fort Worth 1982); *and, Johnson v. State*, 653 S.W.2d 324, 328 (Tex.App.—San Antonio 1983).

no error is presented by the action of the trial judge.

*Id.*[4]

Several times we have addressed alleged violations of the statute where the appointed attorney had been forced to trial within ten days of re-indictment. In those cases we found no error because counsel had been appointed, albeit on the original indictment, in *excess* of ten days. Any difference in the indictments was negligible and in no way affected the defendant's ability to prepare for trial. *Guzman v. State*, 521 S.W.2d 267, 270 (Tex.Cr.App.1975); *and, Hayles v. State*, 507 S.W.2d 213, 214–215 (Tex.Cr.App.1974) (trial preparation was not affected by re-indictment). *But see, Young v. State*, 752 S.W.2d 235 (Tex.App.—Fort Worth, 1988) (reversible error when counsel not provided statutory preparation time to prepare for *new* enhancement allegations).[5]

We have also considered situations where the trial judge appointed more than one attorney to represent the defendant. In *Henry v. State*, 433 S.W.2d 430 (Tex.Cr.App. 1968), the defendant's first trial ended in a mistrial when the jury failed to reach a verdict. *Id.*, 433 S.W.2d at 432. Two days before re-trial the trial judge appointed *additional* counsel to assist counsel who represented the defendant at the first trial. The defendant was convicted and, on appeal, con-

tended additional counsel must be afforded the ten days preparation time of art. 26.04. We rejected the defendant's contention:

> We decline, however, to reverse on this ground. It is clear that if counsel's appointment has been more than ten days prior to trial, Article 26.04, supra, *has no application.* [citations omitted]. One of appellant's trial counsel, Mr. Chanon, had been appointed over seven months prior to this second trial and had actively participated in the first trial. The trial judge was under no obligation to appoint more than one counsel, and the fact that he afforded the appellant the assistance of additional counsel under the circumstances here described should not call for reversal ... *Such was not the legislative intent of Art. 26.04, supra.* The fifth ground of error is overruled.

*Henry*, 433 S.W.2d at 432–33. Further, in *Roney v. State*, 632 S.W.2d 598 (Tex.Cr.App. 1982), the defendant was represented by three attorneys. Two of those attorneys were appointed in excess of the ten day statutory period for preparation. We held the appointment of a third attorney less than ten days before trial did not violate art. 26.04. *Id.*, 632 S.W.2d at 601.[6]

■ When the Legislature meets, after a particular statute has been judicially con-

4. In *Johnson v. State*, 653 S.W.2d 324 (Tex. App.—San Antonio, 1983 (pet. grt'd.), aff'd 760 S.W.2d 277 (Tex.Cr.App.1988), the defendant sought to proceed *pro se* and retained counsel attempted to withdraw because the defendant asked counsel to engage in unethical conduct. The trial judge permitted the defendant to proceed *pro se* but required counsel to remain present throughout the trial in an advisory capacity. *Id.*, 653 S.W.2d at 327–328. On appeal, the defendant contended counsel was appointed but was not allowed the mandatory preparation time under art. 26.04. The Court of Appeals rejected the defendant's contention, holding the change in the attorney's status was not a new appointment necessitating ten days preparation. Further, the Court stated:

> Assuming arguendo [counsel's] change of status to an advisory capacity amounted to an appointment, there would still be no error presented. *It is the actual preparation time and not the time of formal appointment that determines whether defendant has been given the mandatory preparation time for trial provided by article 26.04.*

*Id.*, 653 S.W.2d at 328.

5. Additionally, in *Lujan*, 626 S.W.2d 854, 862–863 (Tex.App.—San Antonio 1982), the Court held appointed counsel was not entitled to additional preparation time when the first trial ended in a mistrial and the trial judge immediately began the re-trial.

6. Similarly, in *Sheppard v. State*, 634 S.W.2d 953, 955 (Tex.App.—Fort Worth, 1982), the Court found no error despite only nine days having elapsed between formal appointment of defendant's co-counsel and trial because the defendant's other trial counsel had been appointed for more than two months prior to trial. In *Oliver v. State*, 731 S.W.2d 149, 157 (Tex.App.—Fort Worth, 1987), the defendant contended his third appointed counsel was entitled to ten days to prepare. The Court found no error because the defendant had two other counsel, one of whom had been appointed for more than two years prior to trial.

strued, without changing that statute, we presume the Legislature intended the same construction should continue to be applied to that statute. *Lewis v. State,* 58 Tex.Crim. 351, 127 S.W. 808, 812 (App.1910). Additionally, the Code Construction Act provides: "when examining amendments to existing legislation to determine legislative intent, it is presumed that the legislature was aware of case law affecting or relating to the statute." Tex.Gov't Code Ann. § 311.023(3); *and, Grunsfeld v. State,* 843 S.W.2d 521, 523 (Tex. Cr.App.1992).

With the foregoing in mind, we now turn to address the issue presented, namely, whether an attorney who is appointed to replace the originally appointed counsel is entitled to ten days actual preparation time under Tex.Code Crim.Proc.Ann. art. 1.051(e).

## IV.

### A.

■ The Court of Appeals held art. 1.051(e) was inapplicable to the instant case because appellant's initially appointed counsel, Guantt, was afforded more than ten days actual preparation time. Relying upon *Henry, supra,* and *Roney, supra,* the Court of Appeals held art. 1.051(e) did not apply to subsequently appointed counsel. However, for the following reasons, we disagree.

The primary goal of art. 1.051(e) is to ensure the indigent defendant receives appointed counsel who is prepared for the proceeding. For this reason we have focused on the actual preparation time afforded counsel. As long as the defendant was represented by an attorney who was afforded the statutory preparation time, we found compliance with the statute. If the defendant was represented by more than one attorney, we found compliance where at least *one* of the defendant's attorneys was afforded the statutory preparation time. *See, Henry,* 433 S.W.2d at 432–33; *and, Roney,* 632 S.W.2d at 601. However, when the defendant was represented by only one attorney and that attorney was not afforded the statutory preparation time, we have always found no compliance because the minimum statutory preparation time is mandatory. *See, Ex parte Dowden,*

408 S.W.2d 512 (Tex.Cr.App.1966); *Farmer v. State,* 419 S.W.2d 382, 383 (Tex.Cr.App. 1967); *Crothers v. State,* 480 S.W.2d 642, 643 (Tex.Cr.App.1972); *and, Houston v. State,* 490 S.W.2d 851, 852 (Tex.Cr.App.1973).

### B.

■ In the instant case, Jezek was appointed only six days prior to appellant's trial. Moreover, Jezek was appellant's only counsel at trial. Further, appellant did not waive the statutory minimum preparation time of art. 1.051(e). For these reasons, we hold art. 1.051(e) was violated. Because such violations are not subject to a harm analysis, *Marin v. State,* 851 S.W.2d at 281, we reverse the judgment of the Court of Appeals and remand this case to the trial court.

McCORMICK, P.J., and WHITE, J., dissent.

CLINTON, J., concurs in the result.

MEYERS, Judge, concurring.

The only question presented on discretionary review in this case is whether the phrase "appointed counsel" in article 1.051(e) of the Code of Criminal Procedure includes an attorney appointed by the court to succeed one whom the court has let withdraw. The relevant facts are not in dispute. Shortly before his trial, the attorney appointed to represent appellant moved to withdraw and asked the court to substitute a different lawyer in his place. This motion was granted, apparently with the appellant's approval. The case was not reset, however, and went to trial only six days after the appointment of appellant's new lawyer. Neither he nor his lawyer objected to this procedure at the time. But on appeal he argued that his conviction should be set aside and a new trial ordered because his attorney did not have ten days to prepare for trial.

The law controlling this issue provides that "[a]n appointed counsel is entitled to 10 days to prepare for a proceeding but may waive the preparation time with the consent of the defendant in writing or on the record in open court." Tex.Code Crim.Pro.Ann. art. 1.051(e) (West Supp.1994). Although no such waiver is reflected in the appellate record, a

divided panel of the Austin Court of Appeals affirmed appellant's conviction, holding that article 1.051(e) does not apply to the appointment of substitute counsel. *Marin v. State*, 862 S.W.2d 183 (Tex.App.—Austin 1993).

No one questions the fact that substitute counsel was actually "appointed" within the meaning of article 1.051(e). But Justice Powers, writing for the lower court, reasoned that the Legislature could not have intended to afford substitute attorneys appointed by the court the same preparation time as attorneys first appointed by the court because it would empower the defendant to "extend[ ] indefinitely the mandatory preparation time required by the statute[.]" *Marin*, 862 S.W.2d at 185. He argued that the "theory of literalness" relied upon by appellant for the proposition that all appointed attorneys are entitled to ten days of preparation time before trial was necessarily rejected by this Court in past examinations of article 1.051(e). He calls particular attention to *Roney v. State*, 632 S.W.2d 598 (Tex.Crim.App.1982) and *Henry v. State*, 433 S.W.2d 430 (Tex. Crim.App.1968), in which we effectively held that only one appointed attorney need be given the full preparation period prescribed by law.

That holding seems to have been original with the Court in *Henry*, and our entire rationale supporting it was that:

> [t]he trial judge was under no obligation to appoint more than one counsel, and the fact that he afforded the appellant the assistance of additional counsel under the circumstances here described should not call for reversal merely because such written waiver was not signed by the appellant and his additional counsel before trial. Such was not the legislative intent of Article 26.04 [the predecessor of article 1.051(e).]

433 S.W.2d at 433. We did not explain in *Henry* why the described circumstances "should not call for reversal" nor what we imagined the "legislative intent" really to be. Neither did we elaborate our position later in *Roney* when we relied upon *Henry* to reach the same result under much the same circumstances. But both opinions were written at a time when we had not yet come to accept

that the role of the judiciary in Texas government is to implement the legislative will as the Legislature has expressed it, not as we think it should have been expressed or as the Legislature may have intended to express it. *See Boykin*, 818 S.W.2d at 785. *See also, e.g., Johnson v. State*, 871 S.W.2d 744, 749 (Tex.Crim.App.1994); *Moore v. State*, 868 S.W.2d 787, 791 (Tex.Crim.App. 1994); *Hernandez v. State*, 861 S.W.2d 908, 909 (Tex.Crim.App.1993); *Muller v. State*, 829 S.W.2d 805, 808 (Tex.Crim.App.1992).

On its face, the statute plainly and unambiguously provides that "[a]n appointed counsel is entitled to 10 days to prepare[.]" Its language is not susceptible of the interpretation that some appointed lawyers are entitled to 10 days but that others are not. The majority maintains, as did Justice Onion dissenting in the lower court, that *Henry* and *Roney* are distinguishable from the instant cause because the issue presented in those cases involved the appointment of additional, not substitute, counsel. Certainly, this difference might be a persuasive basis upon which to discriminate between appointed attorneys who should, as a matter of public policy, be given full preparation time and those who should not. But the statute we are called upon to implement plainly does not express this distinction, even though the distinction could clearly and succinctly have been expressed without any difficulty.

For my own part, I do not know what the Legislature actually intended when it enacted article 1.051(e). But I find no ambiguity or absurdity in the statute's plain language that might require for its resolution an examination of the statute's legislative history. *Boykin v. State*, 818 S.W.2d 782, 785–86 (Tex.Crim.App.1991). Neither do I know whether the Legislature actually took time before enacting the statute to forecast the cases to which it might apply. But it does not seem to me that the instant cause is so unusual that diligent legislators could not have anticipated it. I therefore see no reason to interpret the controlling law in this case differently than its plain language requires.

Of course, I am willing to accept that the purport of the statute is to assure appointed

counsel enough time to prepare for trial, so as to optimize the probability indigent defendants will be represented effectively. Imposing an absolute requirement that all appointed counsel be afforded at least ten days in which to prepare, as the statute evidently does, might have been thought by the Legislature a reasonable means of accomplishing this goal. Supposing the Legislature thought that trial judges should never appoint substitute counsel unless necessary to the effective representation of an indigent defendant, it might well have been the Legislature's deliberate strategy to insist that all such attorneys, whether original or substitute, being thus necessary to the defense, have a minimum period of preparation. Because, from the face of the statute, it appears that this is what the Legislature in fact did, the courts are not at liberty to speculate that our lawmakers might really have had another purpose in mind which the statute on its face does not effectively accomplish or that the means chosen to accomplish it have put too heavy a burden on trial judges. Our job, and the job of judges at all levels, is to implement exactly the will of the Legislature as it is expressed in the written law, except when it would violate the constitution of Texas or of the United States to do so. *Garcia v. State*, 829 S.W.2d 796, 799–800 (Tex.Crim.App. 1992).

For this reason I think *Henry* and *Roney* should be overruled. Although those cases arose in a slightly different factual context, the propositions of law upon which this Court expressly relied apply equally to the factual context presented in the instant cause. This Court did not deny relief to Henry and Roney because they were continuously represented by at least one attorney with more than ten days of preparation time, as the majority suggests. Rather, it is clear from our opinions in both cases that relief was denied upon the ground that the first appointed attorney is the only appointed attorney entitled to ten days of preparation under the statute. I therefore agree with the Court of Appeals that *Henry* and *Roney* "implicitly rejected" the reading of article 1.051(e) that substitute appointed counsel have a right to 10 days in which to prepare for "a proceeding."

Although *Henry* and *Roney* are distinguishable from the instant cause in exactly the way the majority describes, the majority's distinction is not relevant to the holding in those cases. Because the plain language of article 1.051(e) provides that all appointed attorneys be given at least ten days to prepare for court, I would hold that substitute and additional counsel who have been appointed pursuant to the statute are entitled to as much preparation time as any attorney initially appointed by the court.

I do not mean by this to express any view on the method according to which preparation time should be calculated. In particular I do not suggest that an attorney who has made an appearance for, or otherwise been engaged to represent, an accused prior to the date of his appointment must be given ten additional days to prepare for trial following the date of his appointment. *See Henson v. State*, 530 S.W.2d 584 (Tex.Crim.App.1975); *Meeks v. State*, 456 S.W.2d 938 (Tex.Crim. App.1970). Questions of this kind are not before us in the instant cause, and I would imply no opinion concerning them.

Finally, as regards the fear that defendants will somehow seize control of court dockets, forcing interminable delays by substituting counsel repeatedly on the eve of trial, no such dire consequence is likely to follow from the Court's opinion in this case. A trial judge is free under most circumstances to deny outright a request for the substitution of appointed counsel, particularly when such request comes near the date of trial. *See Webb v. State*, 533 S.W.2d 780, 783–84 (Tex.Crim.App.1976); *Gonzales v. State*, 532 S.W.2d 343, 345 (Tex.Crim.App. 1976); *Gleffe v. State*, 501 S.W.2d 672 (Tex. Crim.App.1973). There is nothing in the record of this case to suggest that the judge could not have done so here. Moreover, being at liberty to deny the substitution, he might instead have decided to grant it only upon the condition that substitute counsel and the defendant agree to waive counsel's preparation time in the manner required by law. *Burgess v. State*, 816 S.W.2d 424, 428–29 (Tex.Crim.App.1991). There is likewise nothing in the record to suggest that he

could not have pursued this option in the instant cause. What seems far more likely is that the trial judge in this case was simply unaware of article 1.051(e) or had forgotten its requirements when he granted appellant's motion for substitute counsel without resetting the date of trial. I would not wish to presume, absent persuasive evidence to the contrary, that he deliberately ignored the statute's clear mandate.

Accordingly, although I disagree with the Court's analysis, believing its interpretation of article 1.051(e) to be erroneous, I agree that the judgments of the Third Court of Appeals and of the 27th District Court of Bell County should be reversed, and that this cause should be remanded to the trial court.