Opinion issued June 12, 2003.



     







In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00697-CR
NO. 01-02-00698-CR




DONALD RAY ROBERTS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 9th District Court
Waller County, Texas
Trial Court Cause Nos. 02-05-11, 186 & 02-05-11, 187




MEMORANDUM OPINION

          Appellant, Donald Ray Roberts, was indicted on one count of burglary of a
building and one count of escape. A jury found appellant guilty of both counts and
assessed punishment at 17 years’ and 35 years’ confinement. In a single point of
error, appellant contends that the trial court erred when it denied his trial counsel’s
motion for a continuance. We affirm the judgment of the trial court. 
Background
          In January 2002, Brookshire police officer Humberto Buenetello discovered
appellant while he was in the midst of burglarizing a building. Officer Buenetello
handcuffed appellant and took him outside of the building, where other officers and
a police car were waiting. Once out of the building, appellant, still handcuffed, broke
away from the officers and ran down the street. The officers apprehended appellant
a short distance away from the scene of the burglary.
          Indictments for burglary and escape against appellant were filed on May 10,
2002. Appellant had previously been indicted on three unrelated drug offenses that
had occurred in August and September of 2000. A discovery order was signed by the
trial court on May 13, 2002 that encompassed the burglary and escape charges as well
as the three other pending indictments. On May 24, 2002, appellant’s trial counsel
filed his notice of appearance and his first motions regarding the burglary and escape
indictments. In his notice of appearance, appellant’s trial counsel certified that a copy
of the notice had been served upon counsel for the State on May 22, 2002. 
          Appellant’s trial for the burglary and escape charges commenced on June 3,
2002. Before trial, appellant’s trial counsel filed a motion for a continuance. 
Appellant’s trial counsel stated that he had not been formally appointed as appellant’s
trial counsel for the burglary and escape charges until appellant had been arraigned
on those charges on May 30, 2002. Appellant’s trial counsel therefore requested a
continuance, arguing that he had less than 10 days to prepare for appellant’s trial. 
Appellant’s trial counsel admitted to the trial court that he had been representing
appellant since February 2002 on the three drug charges, that he had been present at
the March 13, 2002 hearing regarding the discovery order signed by the trial court,
and that he had been made aware of the pending burglary and escape indictments. 
The trial court denied appellant’s motion for a continuance and proceeded with the
trial.
Analysis
          In a single point of error, appellant argues that his trial counsel was statutorily
entitled to 10 days’ preparation before trial and that the trial court erred when it
denied his trial counsel’s motion for a continuance. See Tex. Code Crim. Proc. 
Ann. art 1.051(e) (Vernon Supp. 2003) (“An appointed counsel is entitled to 10 days
to prepare for a proceeding but may waive the preparation time with the consent of
the defendant in writing or on the record in open court.”). Appellant contends that,
because his trial counsel was not formally appointed until May 30, 2002, appellant’s
trial counsel was denied 10 days’ preparation in violation of article 1.051(e). 
          The Court of Criminal Appeals, in applying article 1.051(e), has stated that
“our relevant precedent interpreting this article had consistently focused on the actual
preparation time afforded appointed counsel, not the time of formal appointment to
determine compliance.” Marin v. State, 891 S.W.2d 267, 270 (Tex. Crim. App.
1994). In Marin, the Court of Criminal Appeals held that article 1.051(e) was
violated where an appointed attorney, who was the defendant’s only trial counsel, was
appointed only six days before appellant’s trial began. Id. at 272. The Court noted
that, in Marin, six days before trial, the defendant’s trial counsel was appointed to the
case in order to replace a previously appointed attorney, who subsequently withdrew
from the case altogether. Id. at 268. The Court in Marin reasoned that
the primary goal of art. 1.051(e) is to ensure the indigent defendant
receives appointed counsel who is prepared for the proceeding. For this
reason we have focused on the actual preparation time afforded
counsel. As long as the defendant was represented by an attorney who
was afforded the statutory preparation time, we found compliance with
the statute. If the defendant was represented by more than one attorney,
we found compliance with the statute as where at least one of the
defendant’s attorneys was afforded the statutory preparation time. 
However, when the defendant was represented by only one attorney and
that attorney was not afforded the statutory preparation time, we have
always found no compliance because the minimum statutory preparation
time is mandatory.

Id. at 272 (emphasis added). 
          Although appellant’s trial counsel was appointed on May 30, 2002, the record
reflects that appellant’s trial counsel had at least 10 days to prepare for the burglary
and escape trial. Appellant was indicted for these offenses on May 10, 2002, and his
trial counsel obtained a discovery order encompassing these cases on May 13, 2002. 
Moreover, appellant’s trial counsel filed his notice of appearance and his pre-trial
motions with the trial court on May 24, 2002, more than 10 days before June 3, 2002. 
See Bills v. State, 796 S.W.2d 194, 195 (Tex. Crim. App. 1990) (stating that “the
established rule in this state . . . is that when time is to be computed from or after a
certain day or date, the designated day is to be excluded (and the last day of the
period is to be included) unless a contrary intent is clearly manifested . . . .”). Thus,
appellant was actually represented by an appointed attorney who was afforded at least
10 days’ preparation in accordance with article 1.051(e). Accordingly, we overrule
appellant’s point of error.
Conclusion
          We affirm the judgment of the trial court.
 
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Taft, Jennings, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).