

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00252-CR

Philip Joseph **GARAY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR2843
Honorable Mary D. Roman, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  April 22, 2015

AFFIRMED

Philip Joseph Garay appeals his conviction for the offense of driving while intoxicated, third or subsequent offense, arguing that the trial court erred in refusing to give him ten days to prepare for trial after he waived counsel, in violation of article 1.051(e) of the Texas Code of Criminal Procedure.  We affirm the judgment of the trial court.

### BACKGROUND

Garay was indicted for the offense of driving while intoxicated, third or subsequent offense. At the fifth trial setting, Garay appeared with his retained counsel.  At that time, Garay announced

that he wished to continue pro se. The trial court admonished Garay about the risks of representing himself, and asked him whether he was still willing to go forward. Garay answered affirmatively. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (West Supp. 2014). The trial court then asked, "[d]o you understand what you have to cover during jury selection?" Garay answered, "[y]es, I do, but I'm not prepared to do that today, though." The trial court explained that it was "not waiting for [Garay] to become trained to do jury selection" and that the case would proceed when the jury panel returned at 1:30. Garay replied, "I'm ready to do that." The trial court once again warned Garay of the risks of representing himself. Garay informed the trial court that he would be able to proceed so long as he had assistance from standby counsel.

Upon returning from a recess, Garay again asked the trial court for "at least a day to get [his] bearings together." The trial court denied the request. Garay signed a waiver of his right to counsel, and jury selection began. At the completion of trial, the jury found Garay guilty as charged in the indictment, and the trial court sentenced him to twenty-five years' imprisonment.

## ANALYSIS

In his sole issue on appeal, Garay claims that the trial court erred by not granting him time to prepare for trial after he waived counsel, thus violating the notice provision of article 1.051(e) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 1.051(e) (West Supp. 2014). The statute provides:

> An appointed counsel is entitled to 10 days to prepare for a proceeding but may waive the preparation time with the consent of the defendant in writing or on the record in open court. If a nonindigent defendant appears without counsel at a proceeding after having been given a reasonable opportunity to retain counsel, the court, on 10 days' notice to the defendant of a dispositive setting, may proceed with the matter without securing a written waiver or appointing counsel. If an indigent defendant who has refused appointed counsel in order to retain private counsel appears without counsel after having been given an opportunity to retain counsel, the court, after giving the defendant a reasonable opportunity to request appointment of counsel or, if the defendant elects not to request appointment of counsel, after obtaining a waiver of the right to counsel pursuant to Subsections (f)

and (g), may proceed with the matter on 10 days' notice to the defendant of a dispositive setting.

*Id*.

The primary objective of the statute is to "ensure the indigent defendant receives appointed counsel who is prepared for the proceeding." *Marin v. State*, 891 S.W.2d 267, 272 (Tex. Crim. App. 1994). Article 1.051(e) applies to three categories of defendants: (1) the indigent defendant who receives appointed counsel; (2) the nonindigent defendant who appears without counsel after having been given a reasonable opportunity to retain counsel; and (3) the indigent defendant who has refused appointed counsel in order to retain private counsel who appears without counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(e). Garay does not assert that he was indigent; thus, the first and third categories do not apply. The second category is also inapplicable because Garay appeared at trial with retained counsel who had been involved in the case for nearly a year. Garay voluntarily elected to proceed pro se and to have retained counsel act as standby counsel. Thus, the statutory requirement for ten-days' preparation simply does not apply in this situation.

In any event, we address Garay's contention that he falls under article 1.051(e)'s second category because he effectively appeared "without counsel" when he decided to represent himself on the first day of trial. A similar situation was presented in *Lacy v. State*, No. 03-00-00699-CR, 2001 WL 1298821 (Tex. App.—Austin Oct. 25, 2001, no pet.) (mem. op., not designated for publication). On the day trial began, Lacy appeared with appointed counsel but then asked to represent himself. *Id*. at *1. The motion was granted, but the trial court ordered appointed counsel to remain as standby counsel. *Id*. Jury selection began immediately thereafter. *Id*. On appeal, Lacy argued that he should have been given ten days to prepare for trial following his waiver of counsel. *Id*. The Austin Court of Appeals disagreed, and held that article 1.051(e) does not grant a preparation period to a defendant who elects to represent himself. *Id*. at *2. Further, the court

held that when a defendant is represented by more than one attorney, as with standby counsel, the statute's preparation provision is satisfied when at least one of the attorneys was afforded the statutory preparation time. *Id.*; *Roney v. State*, 632 S.W.2d 598, 601 (Tex. Crim. App. 1982). Because Lacy's standby counsel was appointed more than ten days before the proceedings began, article 1.051(e) was satisfied. *Lacy*, 2001 WL 1298821, at \*2 (citing *Johnson v. State*, 653 S.W.2d 324, 328 (Tex. App.—San Antonio 1983), *aff'd*, 760 S.W.2d 277 (Tex. Crim. App. 1988)). Here, although Garay appeared with retained counsel instead of appointed counsel, he too requested to represent himself on the day of trial and had the assistance of standby counsel who was afforded the statutory preparation time. Thus, assuming article 1.051(e) does apply, there was no violation of its requirements. Accordingly, we overrule Garay's issue on appeal, and affirm the judgment of the trial court.

Rebeca C. Martinez, Justice

Do Not Publish