**Opinion issued July 17, 2025**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-23-00748-CR

———————————

**FELIZARDO PEREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the Criminal District Court No. 4**
**Tarrant County, Texas**
**Trial Court Case No. 1791805**

---

## MEMORANDUM OPINION

Felizardo Perez appeals his conviction of continuous sexual abuse of a child, arguing his trial counsel was not afforded the ten-day trial-preparation period

required by Article 1.051(e) of the Texas Code of Criminal Procedure and he was denied the right to a speedy trial. We affirm.[1]

## Background

Over a five-year period from 2011 to 2016, Perez sexually abused his granddaughter, S.P., repeatedly and on a continuing basis. S.P. was four or five years old at the time of the first instance of abuse, and the abuse continued until she was ten or eleven. S.P. could not recall any year during this period in which Perez did not abuse her. In 2018, she wrote a letter to her mother disclosing the abuse. An investigation followed, which lead to Perez's arrest in January 2020.

In April 2020, a Tarrant County grand jury issued a true bill of indictment against Perez, charging him with four counts of sexual abuse of a child. The charges included a count for continuous sexual abuse of a child under fourteen, from on or about September 19, 2011, through November 6, 2018. Perez pleaded not guilty and chose to hire his own counsel. Perez's retained counsel twice moved to withdraw, citing an "irreconcilable conflict of interest" with Perez, and the trial court granted a withdrawal on September 13, 2021. On the same day, the trial court appointed attorney Jeffrey Boncek to represent Perez.

---

[1] Under its docket-equalization authority, the Supreme Court of Texas transferred this case from the Second Court of Appeals to this Court. *See* Misc. Docket No. 23-9079 (Tex. Sept. 26, 2023); *see also* TEX. GOV'T CODE § 73.001(a) (authorizing transfer of cases). We are unaware of any conflict between the precedents of that court and this Court that would affect our disposition. *See* TEX. R. APP. P. 41.3.

On March 15, 2023, while represented by Boncek, Perez filed a pro se "Motion to Dismiss for Failure to Indict and Provide a Constitutional Speedy Trial." The record does not reflect that Perez did anything to bring the motion to the trial court's attention nor that the trial court heard or ruled on the motion.

The following day, Boncek moved for a competency evaluation because Perez "maintains he has no lawyer despite [Boncek's] efforts to speak with [Perez] on multiple occasions." The trial court granted the motion, but the examining psychologist later informed the trial court he could not examine Perez because he "refused to cooperate."

In July 2023, at Boncek's request, the trial court conducted a hearing to "try and figure out what, if any, conflict there is with [Perez]." Boncek explained at the hearing that he had visited Perez in jail on multiple occasions, but Perez "would not face me," "kept his back turned to me," and "wasn't really giving me an opportunity to speak." Boncek also said Perez attempted to disrupt his meetings with other clients at the jail and filed grievances against him with the state bar. Boncek expressed "serious concerns about being able to prepare for trial" because he could not communicate with Perez. When the trial court attempted to question Perez, he responded, "I'm not going to work with [Boncek]." Perez did not mention his pro se motion for a speedy trial or argue that he had been denied his right to a speedy trial. The trial court observed that Perez "is doing everything he can to make sure

3

that this case gets delayed and that the system of justice does not operate in an efficient manner, and he is intentionally trying to frustrate the Court." The trial court then set a final status conference for August 24, 2023, with trial to begin on August 25, 2023.

On August 15, 2023, ten days before trial, the State reindicted Perez under a new cause number. The reindictment was based on Perez's conduct over a general time period covered by the original indictment—his sexual abuse of S.P. between September 2011 through September 2016—but it added twenty additional counts for individual instances of abuse within that timeframe.

On August 23, 2023, two days before trial, Boncek filed a motion to withdraw as counsel and a motion for continuance, asserting a withdrawal or continuance was needed because Perez continued to refuse to communicate with Boncek. The trial court denied both motions.

Trial began on August 25, 2023. At the beginning of each day of the trial, Boncek renewed his motion for continuance, but the trial court denied it each time.

The jury found Perez guilty of continuous sexual abuse of a child. It found him not guilty on the remaining indecency counts that were not incorporated as lesser-included offenses within continuous sexual abuse of a child. The jury assessed punishment at ninety-nine years in prison, and the trial court entered a judgment of conviction in accordance with the jury's verdicts.

4

**Analysis**

Perez raises two issues on appeal. First, he contends the trial court fundamentally erred by not allowing his counsel ten days to prepare for trial following the reindictment, as required by Article 1.051(e) of the Texas Code of Criminal Procedure. Second, he argues the trial court denied him the constitutional right to a speedy trial.

**A.     Ten-day trial preparation period**

An appointed attorney is entitled to ten days to prepare for trial. TEX. CODE CRIM. PROC. art. 1.051(e) ("An appointed counsel is entitled to 10 days to prepare for a proceeding but may waive the preparation time with the consent of the defendant in writing or on the record in open court."). This rule helps "ensure the indigent defendant receives appointed counsel who is prepared for the proceeding." *Marin v. State*, 891 S.W.2d 267, 272 (Tex. Crim. App. 1994).

Perez contends the trial court ran afoul of this ten-day trial preparation requirement because the State reindicted him on August 15, 2023, and trial commenced on August 25, 2023. Assuming the date of the reindictment is not included within the trial-preparation period, Perez argues this left Boncek with only nine days to prepare.

We disagree. In interpreting the ten-day trial preparation requirement, the Court of Criminal Appeals has "consistently focused on the actual preparation time

5

afforded to appointed counsel, not the time of formal appointment, to determine compliance." *Marin*, 891 S.W.2d at 270. "Thus, there is no error in re-indicting a defendant less than ten days before trial so long as counsel is appointed on the original indictment in excess of ten days, and any difference between the indictments is negligible and in no way affects the defendant's ability to prepare for trial." *Ponce v. State*, 89 S.W.3d 110, 115 (Tex. App.—Corpus Christi-Edinburg 2002, no pet.) (citing *Marin*, 891 S.W.2d at 270); *see also Spencer v. State*, No. 14-00-00661-CR, 2001 WL 578306, at *2 (Tex. App.—Houston [14th Dist.] May 31, 2001, pet. ref'd) (mem. op., not designated for publication).

Here, the State filed its original indictment in April 2020. After Perez's retained counsel withdrew, the trial court appointed Boncek in September 2021. Boncek represented Perez for almost two years throughout the remainder of the trial court proceedings, including at trial, and repeatedly attempted to meet with Perez to prepare his defense to the charges of sexual abuse of S.P. from September 19, 2011, to November 6, 2018. When the State reindicted Perez on August 15, 2023, the additional counts included in the reindictment alleged the same conduct by Perez as the original indictment (sexual abuse of S.P.), occurring from September 19, 2011, to September 19, 2016, a time period covered by the original indictment. Thus, when trial began on August 25, 2023, Boncek had been defending Perez for nearly two years against charges that he repeatedly sexually abused S.P. during this time period.

6

Because the differences between the original indictment and the reindictment were "negligible," they did not affect Perez's ability to prepare for trial. *Ponce*, 89 S.W.3d at 115 (no violation of Article 1.051(e) where trial began four days after reindictment, because new counts "merely expanded the number and methods of sexual assault and indecency against the same victim during the same general time range"); *see also Marin*, 891 S.W.2d at 271 ("Several times we have addressed alleged violations of the statute where the appointed attorney had been forced to trial within ten days of re-indictment. In those cases we found no error because counsel had been appointed, albeit on the original indictment, in *excess* of ten days." (emphasis in original)). We overrule Perez's first issue.

## B. Speedy trial

In his second issue, Perez contends the trial court denied his constitutional right to a speedy trial.[2] *See* U.S. CONST. amend. VI, XIV; TEX. CONST. art. I, § 10. Perez was arrested in January 2020 and originally indicted in April 2020. His trial did not begin until more than three and a half years later, in August 2023, and he spent sixteen months of that period in jail. According to Perez, this delay constitutes a violation of his speedy-trial rights.

---

[2]  Perez's speedy-trial argument is based solely on his right to a speedy trial under the United States and Texas Constitutions; he does not claim a violation of the statutory right to a speedy trial under the Texas Speedy Trial Act. *See* TEX. CODE CRIM. PROC. art. 32A.01.

Perez failed to preserve this argument for our review. A defendant must properly raise a speedy-trial claim in the trial court to preserve the issue for appellate review. *Henson v. State*, 407 S.W.3d 764, 768 (Tex. Crim. App. 2013) ("[T]he preservation requirements do apply to speedy-trial claims for several reasons."). Perez did not do so. The only time Perez attempted to complain to the trial court about his right to a speedy trial was when he filed his pro se "Motion to Dismiss for Failure to Indict and Provide a Constitutional Speedy Trial." The mere filing of a motion is not sufficient to assert the right to a speedy trial; the motion also must be "presented" to the trial court. *See Maddox v. State*, 635 S.W.2d 456, 458 (Tex. App.—Fort Worth 1982, no pet.) ("Although a motion to dismiss the charging instrument alleging the State's failure to provide a speedy trial is on file, it is incumbent on an accused to present such motion to the court before the day of trial. Failure to do so constitutes a waiver of a defendant's rights under the Act."); *see also Ussery v. State*, 596 S.W.3d 277, 288 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd).

The record does not reflect that Perez did anything to present the motion to the trial court or that the trial court ever considered the motion. Hence, this issue has not been preserved for our review. *See* TEX. R. APP. P. 33.1(a); *see also Henson*, 407 S.W.3d at 768–69; *Laird v. State*, 691 S.W.3d 30, 42 (Tex. App.—Austin 2023, pet. ref'd) ("[M]any of our sister courts have held that pro se filings . . . are not

8

assertions of the speedy-trial right . . . absent evidence in the record that they were considered and ruled on by the trial court. . . . Because Laird's pro se motions were not ruled on, and there is no evidence in the record that the letters or motions were considered by the trial court, we cannot find that they amounted to an assertion of his right to a speedy trial[.]'").

Moreover, even assuming Perez had presented his motion to the trial court, his speedy-trial argument would not be preserved because the trial court could properly disregard it. Perez filed his motion when he was represented by Boncek. "A defendant has no right to hybrid representation, and, as a consequence, a trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel." *Jenkins v. State*, 592 S.W.3d 894, 902 n.47 (Tex. Crim. App. 2018); *see also Buchanan v. State*, No. 02-19-00311-CR, 2020 WL 4518588, at *7 n.6 (Tex. App.—Fort Worth Aug. 6, 2020, pet. ref'd) (mem. op., not designated for publication).[3]

---

[3] Even if Perez had preserved his speedy-trial argument, we would conclude he was not deprived of the right to a speedy trial under a balancing of the factors set forth in *Barker v. Wingo*: (1) length of the delay; (2) reason for the delay; (3) assertion of the right; and (4) prejudice to the accused. *See* 407 U.S. 514, 530 (1972). The first factor weighs against the State due to the over three-and-a-half-year interval between Perez's arrest and trial, and the second factor may weigh slightly against the State because the record is generally silent about reasons for the delay. *See Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003). But the third and fourth factors weigh heavily against Perez because he did little to assert this right in the trial court, including failing to mention it at a hearing during which the trial court expressed Perez was delaying things by refusing to cooperate with his counsel, and his prejudice arguments consist of conclusory assertions in his pro se motion that

We overrule Perez's second issue.

## Conclusion

We affirm the trial court's judgment.

Andrew Johnson
Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).

---

"defense witnesses are becoming unavailable" and on appeal that he experienced "anxiety and trepidation" from his pretrial confinement. *See Cantu v. State*, 253 S.W.3d 273, 286 (Tex. Crim. App. 2008) ("[E]vidence of generalized anxiety, though relevant, is not sufficient proof of prejudice under the *Barker* test, especially when it is no greater anxiety or concern beyond the level normally associated with a criminal charge or investigation."); *Ragsdale v. State*, 713 S.W.3d 435, 448 (Tex. App.—Houston [1st Dist.] 2025, no pet.) (explaining *Barker* test must be applied with common sense to ensure radical remedy of dismissal is implemented only when defendant's actual and asserted interest in speedy trial has been infringed).