Jeffrey BARNES, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–95–00426–CR.

Court of Appeals of Texas,
Austin.

May 1, 1996.

Rehearing Overruled June 5, 1996.

James H. Kreimeyer, Belton, for Appellant.

Arthur C. (Cappy) Eads, District Attorney, James T. Russell, Administrative Assistant, Belton, for Appellee.

Before POWERS, JONES and B.A. SMITH, JJ.

PER CURIAM.

A jury found appellant guilty of burglary of a vehicle, a third-degree felony at the time of the offense. Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 30.04, 1973 Tex.Gen.Laws 883, 927 (Tex.Penal Code Ann. § 30.04, since amended). The jury assessed punishment, enhanced by two previous felony convictions, at imprisonment for ninety-nine years. On original submission, we reversed the judgment of conviction and remanded the cause for a new trial. We now grant the State's motion for rehearing and withdraw our previous opinion and judgment. Upon reconsideration, we will affirm the district court's judgment.

### 1. Waiver of counsel.

Appellant was arrested for this offense in March 1994. Subsequently, three different attorneys were appointed to represent him. Each was permitted to withdraw after appellant expressed dissatisfaction with his performance. After the fourth attorney was appointed, appellant asked to represent himself. Appellant persisted in this request in the face of repeated admonitions regarding the risks and disadvantages of self-repre-

sentation. On June 5, 1995, three weeks before trial began, appellant signed a written waiver of counsel, appellant's request for self-representation was granted, and appellant's fourth appointed attorney was permitted to withdraw. Later, a fifth attorney was appointed as standby counsel, but this lawyer was also permitted to withdraw after appellant objected to his continued involvement in the case.[1]

In his first point of error, appellant contends his decision to waive counsel was involuntary. He asserts that he elected self-representation because the district court refused to appoint different counsel, not because he wished to forego his right to representation. *Renfro v. State*, 586 S.W.2d 496, 500 (Tex. Crim.App.1979).

Appellant's unhappiness with the attorneys who were appointed to represent him stemmed from his unwillingness to trust them to prepare for trial. Appellant filed a pro se motion for discovery and demanded that he personally be given all the material listed in the motion. Appellant was not willing to accept counsels' assurances that they had seen the prosecutor's file and otherwise been provided appropriate discovery. Appellant told the district court that because he could not personally obtain the material he sought through counsel, he had "no choice" but to represent himself.

■ Contrary to appellant's argument, a defendant's choice of self-representation is not rendered involuntary merely because it is motivated by the defendant's unwillingness to proceed with the attorney appointed to represent him. The Court of Criminal Appeals, confronted with a similar fact situation and an identical argument, wrote:

> [G]iven the option to proceed with unwanted counsel or to represent himself, and adequately admonished as to the dangers and disadvantages, [the defendant] persisted in his assertion of his right to self-representation. Implicit in that assertion is a valid waiver of the right to counsel.

We perceive nothing unfair in putting an accused to this choice, so long as the trial court is satisfied he is competent to make it, and that he does so informedly and with eyes open. *Renfro* notwithstanding, under the present circumstances the trial court had no alternative but to respect [the defendant's] right under *Faretta* [*v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ].

*Burgess v. State*, 816 S.W.2d 424, 428–29 (Tex.Crim.App.1991) (citations omitted).

■ Appellant was thoroughly and repeatedly admonished by the district court regarding the disadvantages of self-representation. Appellant does not deny this, but urges that he was not capable of fully appreciating these admonishments. The only evidence of incompetence cited by appellant, however, is the minor difficulty he experienced while filling out the printed waiver of counsel form. We find nothing in this to indicate that appellant did not understand the consequences of his decision to waive counsel. The district court was obligated to honor appellant's decision to forego representation however unwise it might have been. *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex.Crim.App.1984). Because the record supports the conclusion that appellant knowingly and voluntarily waived his right to counsel, point of error one is overruled.

**2. Appointment of counsel at trial.**

Jury selection began on June 26, 1995. When the court asked appellant if he was ready to proceed, he replied, "Your Honor, at this time I would like to request counsel. At least co-counsel." The court agreed to delay voir dire "and see if I can get that done in the next few minutes." After the jury panel was excused, the court noted that appellant had been in jail awaiting trial for sixteen months and stated that it would not allow further delay. The court went on, "[T]he problem is is that if I appoint an attorney to represent you, the attorney is entitled to at

---

1. The appointment of standby counsel, even over the defendant's objection, does not violate the Sixth Amendment right to self-representation. *McKaskle v. Wiggins*, 465 U.S. 168, 185, 104 S.Ct. 944, 954–55, 79 L.Ed.2d 122 (1984); *Scarb-* *rough v. State*, 777 S.W.2d 83, 92 (Tex.Crim.App. 1989). Had standby counsel been available in this cause, the problems discussed under points of error two, three, and four would have been avoided.

least ten days to prepare for trial. And according to the records, you have already had five or six different lawyers."[2] The court offered to appoint counsel if appellant would waive the ten-day preparation period. Appellant refused to agree to the waiver and jury selection began.

Testimony was heard that afternoon and continued the following day, June 27. After four State witnesses testified, appellant agreed to waive the ten-day preparation period. Thereafter, Joe Wiener, an attorney with no prior involvement in the case, was brought into the courtroom and appointed as appellant's counsel. Wiener asked, "Am I appointed to represent him or give him legal advice?" The court replied that appellant had made "conflicting requests ... [s]ometimes he has requested an attorney just to consult with and sometimes he has asked for somebody to represent him." The court advised Wiener to "wait and see what he asks you to do." Wiener then noted for the record that "I can't imagine a situation where an attorney would know less about a case." The court expressed its appreciation for counsel's position and urged him to do his best. Testimony resumed with the State's fifth witness. The witness was cross-examined by appellant.

Following the lunch recess, Wiener advised the court that he had just learned that the indictment alleged two previous felony convictions, as well as the use of a deadly weapon. Counsel asked for a continuance saying, "I feel my representation is practically no representation for him at all at this stage halfway through a trial." The motion was denied. Wiener then stated, "Your Honor, I would also point out that even though the defendant may have signed a waiver of ten days' preparation time before trial, that I have not signed off on any such document, and we would again ask the Court for ten days to prepare for trial." This request was also denied.

Two more witnesses testified for the State. Appellant cross-examined one and Wiener cross-examined the other. Wiener also called and questioned a defense alibi witness. Both Wiener and appellant made jury argu-

ments at the guilt stage. Appellant pleaded true to the enhancement allegations at the punishment stage. Wiener made the punishment argument for the defense.

■ Appellant contends in his fourth point of error that the district court erred by refusing to give Wiener ten days to prepare for trial. As a general rule, appointed counsel is entitled by statute to ten days to prepare for trial or other proceeding, but may waive this preparation time with the consent of the defendant. Tex.Code Crim. Proc.Ann. art. 1.051(e) (West Supp.1996). The ten-day preparation requirement is mandatory unless waived by appointed counsel with the defendant's consent, and article 1.051(e) and its predecessors have always been held to be violated when the defendant's only appointed attorney at trial is not afforded the mandatory preparation time. *Marin v. State*, 891 S.W.2d 267, 272 (Tex. Crim.App.1994). On original submission, we sustained point of error four because Wiener, appellant's only appointed counsel at trial, was not given and did not waive the statutory ten-day preparation period.

In its motion for rehearing, the State refers us to article 1.051(h), which was not brought to the district court's attention at trial, was not cited in the State's appellate brief, and we overlooked on original submission. Article 1.051(h) specifically addresses the situation presented when a defendant who has waived his right to counsel withdraws the waiver and requests representation:

> A defendant may withdraw a waiver of the right to counsel at any time but is not entitled to repeat a proceeding previously held or waived solely on the grounds of the subsequent appointment or retention of counsel. If the defendant withdraws a waiver, the trial court, *in its discretion,* may provide the appointed counsel 10 days to prepare.

Tex.Code Crim.Proc.Ann. art. 1.051(h) (West Supp.1996) (emphasis added). The statutory predecessors to article 1.051 did not contain a provision comparable to article 1.051(h). *See*

2. The judge who presided at appellant's trial did not hear the pretrial proceedings.

*Marin,* 891 S.W.2d at 269–70 (quoting prior statutes). Article 1.051(h) was not at issue in *Marin* and we can find no opinion discussing or applying it.

According to the plain language of article 1.051(h), an attorney who is appointed to represent a defendant who has withdrawn a previous waiver of counsel is not automatically entitled to ten days to prepare for trial. *See Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991) (courts are to interpret statutes according to their plain language). Instead, the decision to give counsel the ten-day preparation period is left to the discretion of the trial court. Of course, the discretion to provide the ten-day preparation period necessarily includes the discretion to refuse it. Thus, article 1.051(h) creates an exception to the general rule of article 1.051(e) in those cases to which it applies.

■ Article 1.051(h) applies to this cause because Wiener was appointed to represent appellant after appellant withdrew his prior waiver of counsel. Given the circumstances of his appointment, Wiener was not entitled to the mandatory ten-day preparation time called for by article 1.051(e). Point of error four, complaining that Wiener was not given the preparation period required by article 1.051(e), is overruled.[3]

In points of error two and three, appellant contends the district court erred by making the appointment of counsel at trial contingent on appellant waiving the mandatory ten-day preparation period and that, as a consequence, the waiver of preparation time was involuntary. Like point of error four, these points are premised on the erroneous assumption that counsel was entitled to the preparation period mandated by article 1.051(e). Because this cause is instead governed by article 1.051(h), appellant's contention that he should not have been required to waive his rights under article 1.051(e) in or-

der to secure the appointment of counsel necessarily fails.[4] Points of error two and three are overruled.

The judgment of conviction is affirmed.

---

3. Appellant relies solely on article 1.051(e). Appellant does not contend the district court's failure to grant Wiener a greater opportunity to prepare was an abuse of its discretion under article 1.051(h), nor does he bring forward a point of error complaining that he was denied effective assistance of counsel.

4. One member of the Court of Criminal Appeals has stated that a trial court may require the waiver of article 1.051(e) as a condition for the last-minute substitution of appointed counsel. *Marin,* 891 S.W.2d at 274 (Meyers, J., concurring).