**Aaron Frank COLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09–95–081CR.

Court of Appeals of Texas,
Beaumont.

Submitted Aug. 8, 1996.

Decided Aug. 28, 1996.

Discretionary Review Refused Oct. 23, 1996.

Michael A. McDougal, Conroe, for appellant.

Daniel C. Rice, District Attorney, Gail Kikawa McConnell, Assistant District Attorney, Conroe, for appellee.

Before WALKER, C.J., and BURGESS, and STOVER, JJ.

**OPINION**

BURGESS, Justice.

Aaron Frank Cole was convicted by a jury of aggravated assault and after a finding of true to the enhancement paragraph, sentenced to twenty-three years' confinement in the Institutional Division of the Texas Department of Criminal Justice and fined $2,000. Cole appeals claiming, in his sole point of error, the trial court committed reversible error when it forced his trial counsel to proceed to trial only two days after such counsel had been appointed by the court to represent him.

The record reflects on December 7, 1994, Cole moved to dismiss his court-appointed counsel. The court granted his motion. Cole advised the trial court he wished to represent himself. On February 13, 1995, Cole appeared pro se and was admonished by the trial court as to the consequences of self-representation. On that same day, the trial court appointed counsel to represent the court. At the close of voir dire, Cole advised the trial court he did in fact wish to have counsel appointed to represent him. The trial court appointed as Cole's counsel the attorney previously appointed to represent the court. Counsel requested ten days preparation time which the trial court denied. The case was then recessed from approximately 12:30 p.m., February 13, to 9:30 a.m., February 15.

■ Cole complains in his single point of error the trial court erred by refusing to give appointed counsel ten days to prepare for trial. As a general rule, appointed counsel is entitled to ten days to prepare for trial but may waive this preparation time with defendant's consent. TEX.CODE CRIM. PROC. ANN. art. 1.051(e) (Vernon Supp.1996). This general rule has an exception, however, as noted

by the Austin Court of Appeals in *Barnes v. State*, 921 S.W.2d 881, 883 (Tex.App.—Austin 1996, pet. filed):

> Article 1.051(h) specifically addresses the situation presented when a defendant who has waived his right to counsel withdraws the waiver and requests representation:
>
> > A defendant may withdraw a waiver of the right to counsel at any time but is not entitled to repeat a proceeding previously held or waived solely on the grounds of the subsequent appointment or retention of counsel. If the defendant withdraws a waiver, the trial court, *in its discretion,* may provide the appointed counsel 10 days to prepare.
>
> TEX.CODE CRIM. PROC. ANN. art. 1.051(h) ( [Vernon] Supp.1996) (emphasis added).

The court in *Barnes,* further noted:

According to the plain language of article 1.051(h), an attorney who is appointed to represent a defendant who has withdrawn a previous waiver of counsel is not automatically entitled to ten days to prepare for trial. *See Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991) (courts are to interpret statutes according to their plain language). Instead, the decision to give counsel the ten-day preparation period is left to the discretion of the trial court. Of course, the discretion to provide the ten-day preparation period necessarily includes the discretion to refuse it. Thus, article 1.051(h) creates an exception to the general rule of article 1.051(e) in those cases to which it applies.

*Id.* at 884.

Article 1.051(h) applies to the present case since counsel was appointed to represent Cole after he withdrew his prior waiver of counsel. Cole argues "neither Appellant nor his counsel ever withdrew a waiver; in fact, neither Appellant nor his counsel ever initially waived the 10 day preparation time provided for in Art. 1.051(e)." Cole misunderstands article 1.051(h). The "waiver" concerned in article 1.051(h) is waiver of the right to counsel, not the ten-day preparation period. Waiver of the right to counsel was withdrawn when Cole requested the court to appoint counsel.

 Given the circumstances of his appointment, counsel was not entitled to the mandatory ten-day preparation time called for by article 1.051(e); it was within the court's discretion whether or not to provide counsel ten days to prepare. *Barnes,* 921 S.W.2d at 884; TEX.CODE CRIM. PROC. ANN. art. 1.051(h) (Vernon Supp.1996). We cannot say the trial court abused its discretion. *See DuBose v. State,* 915 S.W.2d 493, 496–97 (Tex.Crim.App.1996). Appellant's sole point of error, claiming the preparation period required by article 1.051(e) was not given, is overruled. The judgment of the trial court is affirmed.

AFFIRMED.