Opinion issued January 27, 2005










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00828-CR




ANDRE ALI JONES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 917355




MEMORANDUM OPINION
          A jury convicted appellant, Andre Ali Jones, of aggravated sexual assault and
assessed punishment at 45 years’ confinement. In three points of error, appellant
contends that the trial court erred in (1) denying his motion for continuance because
his trial counsel was not given 10 days to prepare for trial; (2) denying his motion for
independent DNA testing; and (3) failing to hold a hearing about appellant’s
competency to stand trial. We affirm.
DENIAL OF MOTION FOR CONTINUANCE
          In point of error one, appellant contends the trial court erred by refusing to
grant his appointed trial counsel a continuance so that he would have 10 days to
prepare for trial. Tex. Code Crim. Proc. Ann. art. 1.051(e) (Vernon Supp.
2004–2005) (“An appointed counsel is entitled to 10 days to prepare for a proceeding
but may waive the preparation time with the consent of the defendant in writing or on
the record in open court.”).
A. Relevant Facts
          On October 15, 2002, the trial court granted appellant’s request that appointed
counsel, Blanca Lopez, be removed from the case. Appellant invoked his right to
self-representation, which, after proper admonishment, the trial court granted. The
trial court also appointed Layton Duer as standby counsel on this date.
          On July 25, 2003, the trial court informed appellant that Duer had a conflict
with the next trial setting. The trial court offered to reset appellant’s case until Duer
was available, but appellant responded, “It doesn’t matter. You can bring somebody
in to accompany me, it doesn’t matter, other than Mr. Duer.” In response, the trial
court appointed Steven Greenlee as standby counsel.
          On July 29, 2003, after the trial court again admonished appellant on the
dangers of self-representation, trial commenced with appellant acting as his own
attorney, and Steven Greenlee acting as standby counsel. At the end of voir dire,
appellant requested that Greenlee be permitted to represent him, but, later changed
his mind and declined Greenlee’s representation.
          On Tuesday, July 30, 2003, appellant changed his mind again and asked that
Greenlee be allowed to represent him. The trial court granted appellant’s request,
changed Greenlee’s position from standby counsel to lead counsel, and excused the
jury until the following Monday, August 5, 2003.
          Trial resumed on August 5, 2003, at which time, Greenlee, on appellant’s
behalf, filed a motion for continuance, claiming that he “simply needed more time to
prepare.” The trial court denied the motion.
B. Law & Analysis
          Appellant contends that the trial court should have granted his motion for
continuance because Greenlee had less than 10 days to prepare for trial between his
appointment as lead counsel of July 30, 2003, and the commencement of trial on
August 5, 2003. We disagree.
          Generally, appointed counsel is entitled to ten days to prepare for trial. See
Tex. Code Crim. Proc. Ann. art. 1.051(e). However, article 1.051(h) contains an
exception to the general rule in cases in which the defendant has waived the right to
counsel and then withdraws that waiver and requests representation.
A defendant may withdraw a waiver of the right to counsel at any time
but is not entitled to repeat a proceeding previously held or waived
solely on the grounds of the subsequent appointment or retention of
counsel. If the defendant withdraws a waiver, the trial court, in its
discretion, may provide the appointed counsel 10 days to prepare.

Tex. Code Crim. Proc. Ann. art. 1.051(h) (Vernon Supp. 2004-2005) (emphasis
added).
          In Cole v. State, the trial court dismissed Cole’s court-appointed counsel and
allowed Cole to defent himself.Cole had his court-appointed counsel dismissed so
that he could defend himself. 929 S.W.2d 102, 102-03 (Tex. App.—Beaumont 1996,
pet. ref’d). At the close of voir dire, Cole changed his mind and advised the court that
he desired the assistance of counsel. Id. The trial court appointed Cole’s prior
attorney to represent him and then recessed the trial for approximately two days. Id. 
On appeal, Cole contended that the trial court did not give his appointed counsel 10
days to prepare. Id. The court of appeals stated that
[a]ccording to the plain language of article 1.051(h), an attorney who is
appointed to represent a defendant who has withdrawn a previous
waiver of counsel is not automatically entitled to ten days to prepare for
trial.” Instead, the decision to give counsel the ten-day preparation
period is left to the discretion of the trial court. Of course, the discretion
to provide the ten-day preparation period necessarily includes the
discretion to refuse it.
Id. (quoting Barnes v. State, 921 S.W.2d 881, 883 (Tex. App.—Austin 1996, pet.
ref’d)(citations omitted)). 
          In this case, after appointing Greenlee to serve as lead counsel for appellant on
July 25, the court granted almost a one week continuance of the trial to allow
Greenlee to prepare, significantly longer than the two day continuance granted in
Cole. Additionally, by the time the evidentiary portion of the trial began on August
5, Greenlee had been on the case for 12 days, even though during the first 5 days he
was serving as standby counsel rather than lead counsel. Under these circumstances,
the trial court did not abuse its discretion by refusing to grant another continuance.
          Accordingly, we overrule point of error one.
INDEPENDENT DNA TESTING
          In point of error two, appellant contends the trial court erred in denying his
motion for independent DNA testing, which he filed on the day the guilt/innocence
portion of the trial began. In his motion, appellant requested that the court “grant his 
Motion for Independent DNA Testing, and provide funds for such test.”
          Article 26.05(d) of the Texas Code of Criminal Procedure provides, “A counsel
in a noncapital case . . . shall be reimbursed for reasonable and necessary expenses,
including expenses for investigation and for mental health and other experts.” Tex.
Code Crim. Proc. Ann. art. 26.05(d) (Vernon Supp. 2004–2005). “The appointment
of an expert witness under art. 26.05 . . . rests within the sound discretion of the trial
court.” Stoker v. State, 788 S.W.2d 1, 16 (Tex. Crim. App. 1989); see also De Freece
v. State, 848 S.W.2d 150, 161 (Tex. Crim. App. 1993) (any failure to appoint expert
under article 26.05 is subject to abuse of discretion standard). We may reverse the
trial court’s decision for an abuse of discretion only when it appears that the trial
court applied an erroneous legal standard, or when no reasonable view of the record
could support the trial court’s conclusion under the correct law and the facts viewed
in the light most favorable to its legal conclusion. See Dubose v. State, 915 S.W.2d
493, 497–98 (Tex. Crim. App. 1996). Even if we would have reached a different
result, we should not intercede as long as the trial court’s ruling was within the “zone
of reasonable disagreement.” Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim.
App. 1991).
          In Stoker, after the conclusion ofvoir dire, the defendant filed a motion for a
continuance and appointment of a psychological expert. 788 S.W.2d at 16. In
determining that the trial court did not abuse its discretion in denying the motion, the
court of appeals noted that (1) the defendant did not make a pretrial request for
appointment of such an expert; (2) during pretrial proceedings, the defendant’s 
counsel advised the trial court that he did not want his client examined by a
psychologist because he was not going to present psychiatric or psychological
testimony; (3) trial counsel did not present any testimony or affidavits in support of
his motion at the time of filing; (4) the record was unclear as to whether defense
counsel had contacted the psychologists named in the motion to ascertain their
availability to testify; and (5) defense counsel did not present evidence as to the costs
involved in procuring the services of a psychologist. Id. at 17. Most significantly,
the court found that 
not only was the late hour in which appellant filed his motion calculated
to be disruptive of the trial, the very nature of his motion compounded
the problem. To have granted appellant’s motion as it was presented
and at the time it was filed would have constituted a real threat to the
trial court’s control of the trial. The granting of appellant’s motion
under the circumstances here presented would have allowed appellant
to manipulate his asserted rights in such a matter as to obstruct the
orderly administration of justice.

Id. (quoting Hammett v. State, 578 S.W.2d 699, 707 (Tex. Crim. App. 1979)).
          In this case, by July 9, 2003, the defendant knew that the State’s intented to
present DNA evidence. However, the defendant did not file a motion for an
independent DNA analysis until August 5, 2003—the day the guilt/innocence portion
of the trial began and one week after voir dire concluded. Appellant’s motion does
not present any evidence in support of the motion, identify a potential expert, or give
any evidence of the cost involved in procuring such an expert.
          Under these circumstances, the trial court did not abuse its discretion in
denying appellant’s motion for an independent DNA examination.
          Accordingly, we overrule point of error two.
DENIAL OF COMPETENCY HEARING
          In point of error three, appellant contends the trial court erred by not granting
him a hearing on the issue of his mental competency to stand trial, pursuant to former
Code of Criminal Procedure 46.02, sec. 2(b), which, at the time of trial, provided:
If during the trial evidence of the defendant’s incompetency is brought
to the attention of the court from any source, the court must conduct a
hearing out of the presence of the jury to determine whether or not there
is evidence to support a finding of incompetency to stand trial.

Act of May 29, 1975, 64th Leg., R.S., ch. 415, 1975 Tex. Gen. Laws 1095–96,
repealed by Act of April 30, 2003, 78th Leg. R.S., ch. 35, § 15, 2003 Tex. Gen. Laws
72.

          Appellant contends that he brought the issue of appellant’s competency to the
attention of the trial court by filing a Motion for Psychiatric Evaluation of Defendant
on the first day of the guilt/innocence portion of the trial, in which he asserted that
“[t]he defendant has a number of health issues, i.e., heart, bi-polar, depression and
severe “mood swings.” 
          At the pretrial hearing on his motion for psychiatric evaluation, the following
exchange took place:
[Defense Counsel]: The fifth and last motion, you Honor, is a Motion
For Psychiatric Evaluation of Mr. Jones. I think and I say this for
several reasons. One simply is the nature of this particular case. It’s an
aggravated sexual assault and precluded [sic] there will be allegations
of extreme violence. Secondly, the relationship between the
complaining witness and Mr. Jones at the time of this offense, they were
married. So I think that that adds another dimension or layer to this, that
it’s somewhat uncommon than in other sexual assault cases.
 
Lastly, You Honor, Mr. Jones has a number of health issues, a
racing heart problem, he is on nitroglycerin for that, and he suffered
anxiety when we were going through voir dire the other day. He’s
having some anxiety issues this morning. There’s a question about
depression and, one area that concerns me greatly, severe mood swings. 
I can – based on the information, at least, that I have read and listened
to, that there may be times when Mr. Jones simply does not appreciate
or understand the nature of his conduct. Whether or not it happened, if
indeed it did happen on July 2nd I won’t know until I get some idea
from a physician as to whether or not those mood swings could, in fact,
affect his state of mind so much so he would not be able to appreciate
the nature of his conduct and give rise to a possible insanity defense.
 
[The Court]: I think all those things are subject to time notification, and
Mr. Jones didn’t file any that I know of, and I didn’t make any of those
requests at the time. Any response from the State?
 
[Prosecutor]: I just want to add, Judge, Mr. Jones clearly has been
representing himself quite a long time, had plenty of time to interact
with the Court, and he’s demonstrated and assured you after being
questioned of his understanding of these proceedings, he’s filed tons of
motions. I don’t think that there’s anything before the Court that gives
us a concern about his understanding of what’s going on or his sanity or
anything like that.
 
[The Court]: We, the Court is at least of the opinion he certainly
understands what he’s charged with, can communicate with Mr.
Greenlee. I’m not concerned about a competency issue. And you know,
I think, what you are talking about might go to a potential defense of
possible mitigation. And here we are kind of again at the eleventh hour
and you are sort of stuck with the situation as it’s dropped in your lap,
so I’m going to deny that request.

          In this case, appellant never requested a competency hearing. Instead, he
requested a psychiatric evaluation for the purposes of “a possible insanity defense.” 
However, a trial court must conduct a competency inquiry sua sponte if evidence is
presented at trial that raises a bona fide doubt as to the defendant’s competency. 
Alcott v. State, 51 S.W.3d 596, 601 (Tex. Crim. App. 2001); Purchase v. State, 84
S.W. 3d 696, 699 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). A “bona fide
doubt” is “a real doubt in the judge’s mind as to the defendant’s competency. 
[Evidence raising a bona fide doubt] need not be sufficient to support a finding of
incompetence and is qualitatively different from such evidence.” Mata v. State, 632
S.W.2d 355, 358 (Tex. Crim. App. 1982). A defendant is incompetent if he does not
have (1) sufficient present ability to consult with his lawyer with a reasonable degree
of rational understanding; or (2) a rational as well as factual understanding of the
proceeding against him. Tex. Code Crim. Proc. Ann. art. 46B.003(a)(1),(2)
(Vernon Supp. 2004–2005).
          In this case, there was nothing before the judge to suggest that appellant did not
have the present ability to consult with his attorney or a rational understanding of the
proceeding against him. In fact, the trial court dealt directly with appellant on
numerous occasions while appellant was representing himself. The record
affirmatively shows that appellant understood the nature of the proceedings against
him, as he filed numerous motions in the case and conducted his own voir dire. 
Appellant’s counsel, Greenlee, made no allegations in his motion that he was unable
to communicate with appellant. Instead, Greenlee’s motion was based on the premise
that appellant’s mood swings might have caused his violent behavior, thus giving rise
to a possible insanity defense.
          Because there was nothing before the judge to raise the issue of appellant’s
competency to stand trial, the trial court had no duty to sua sponte conduct a
competency hearing.
          Accordingly, we overrule point of error three.
          We affirm the judgment.
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).