Affirmed and Opinion filed June 28, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00263-CR

___________________

 

Jimmy Lee Cudjo, Appellant

 

V.

 

THE State OF TEXAS, Appellee



 



 

On
Appeal from the 263rd District Court

Harris County,
Texas



Trial Court Cause No. 1173689

 



 

 

OPINION

Appellant Jimmie Lee Cudjo appeals
his conviction for felony aggravated assault.  The jury found him guilty and,
after a punishment hearing, found the enhancement allegation in the indictment
true, and assessed punishment at 60 years’ incarceration in the Institutional
Division of the Texas Department of Criminal Justice and a $10,000 fine.  In
three issues, appellant contends that the trial court (1) violated his Sixth
Amendment right to counsel because his waiver of counsel was not effective for
various reasons; (2) violated his rights to self-representation and due process
by not ordering the State to produce discovery, not giving appellant time to
review discovery, and requiring him to rely on appointed counsel for
information; and (3) erred in permitting the State to comment to the jury on appellant’s
self-representation.  We affirm.

Procedural Background

Four days before the trial setting of March 9, 2009,
appellant, who had been represented by court-appointed counsel since July 8,
2008, informed the trial court that he wished to represent himself because he
and the prosecutor could not agree on a plea bargain: appellant wanted a six-year
deal, and the prosecutor would agree only to seven.[1]  The trial court
informed appellant, 

Just because the
State doesn’t want to give you what you want doesn’t mean your attorney’s got
anything to do with that.  It’s not her decision as to what’s being offered to
you, it’s the State.  And she can’t do anything for you other than tell you and
communicate with you what the State’s offered you.  And if the State won’t
offer you anything but that, she can’t do anything about it.

The trial court admonished appellant that

·       
appellant “must comply with all of the technical rules of
evidence and appellate procedure as an attorney would be required to do so”;

·       
he was charged with “aggravated assault with a deadly weapon on a
family member”;

·       
he had the right to court-appointed counsel;

·       
he would not be able to claim that he had received ineffective
assistance of counsel later because he was defending himself;

·       
he would “not be granted any special consideration because of
[his] lack of formal legal training”;

·       
“anybody that gets up here can say whatever they want to say
about you and you don’t really know how to stop them”; and 

·       
“[y]ou really have no idea of what to talk to [the jury] about.”

Appellant acknowledged each
of these statements and confirmed that, despite his lack of legal training, he
wanted to discharge his court-appointed attorney and represent himself.

The trial court also confirmed that appellant could
read and write English, did not have any learning disabilities or
“communication handicaps,” graduated high school and attended one year of
college, had no prior legal experience, and was not familiar with the Code of
Criminal Procedure, the Texas Penal Code, or the Rules of Appellate Procedure. 
The following colloquy ensued:

THE COURT: Have you ever been declared
insane or treated for a mental illness?

THE DEFENDANT: Yes, I’ve been
treated for ‘em, never been declared insane.

THE COURT: How long ago were you treated
for mental illness?

THE DEFENDANT: I’m in, like, a
C.B.T. program right now in the jail.  It’s for—but, I mean, I’m not insane or
anything like that.  It’s a cognitive behavior therapy program in the Mental Health
Unit.

THE COURT: Have you ever been hospitalized
because of emotional and mental disorder?

THE DEFENDANT: Yes, sir.

THE COURT: And how long ago was
that?

THE DEFENDANT: It was about 2002 or
‘3, something like that.

THE COURT: What was the particular disorder,
please?

THE DEFENDANT: I’ve been diagnosed
with bipolar mix—

THE COURT: Okay.

THE DEFENDANT: which is a mixture of
Bipolar and major depression.

Appellant complained that trial was only four days
away and he had not received any discovery or otherwise been able to view the
evidence.  He asked for a one-week continuance.  The trial court denied appellant’s
request for a continuance,[2]
granted his request to represent himself, and appointed his former counsel to
standby and advise appellant as needed.  The trial court informed appellant
that he could ask his attorney to take over his defense at any time during the
trial.

The trial court further admonished appellant before
granting his request to represent himself:

THE DEFENDANT: Well, I just know
that I’m going to fight as hard as I can—

THE COURT: No, you’re not. . . .  No,
you’re not.  Not if you’re going to represent yourself, you’re not going to
fight as hard as you can, sir.  You’re not going to fight at all.  It’s like
going to see the doctor.  And the doctor says, you need to have open heart
surgery.  And you say, I need
to do that myself.

THE DEFENDANT:  With all due
respect, sir, it’s—to them, to Madam Prosecutor and [my appointed counsel], it’s
just a case, probably out of hundred cases.

THE COURT: No, not really the case. 
That’s not true.  There is a real competition in courtrooms.  There as real
competition that is to your benefit. . . .  So, yeah, she’s not going to go to jail
if you do.  And she’s probably not going to have any financial burden, whatever
happens to you.  But her representation is at stake.  And, so, she is going to
fight as hard as she can for you because it also helps her reputation and her
skill levels.  And you make a real big mistake if you want to try this case
yourself.  And I just tell you, you know, you’re just making a big mistake and
you’re going to flat lose because you’ll have no idea what to say, what to
object to, what’s admissible, what’s not admissible.  And the jury’s going to,
basically, think you’re a fool.

. . . .

[THE COURT:] If the jury gives you
40 or 50 years, you don’t have to worry anymore, you’re never coming out of the
penitentiary. . . .  Whereas, the offer that was made to you, you’d be coming
out.

During trial, the State’s prosecutor twice commented
on the fact that appellant was representing himself.  The prosecutor asked
appellant during his cross-examination, “And you actually, in fact, have to be
in control so much that you are representing yourself in court today; right?” 
And in closing argument, she commented:  “How many victims out there ever think
for one moment that when they have to come to court and be victimized again by
an attorney questioning them, that it might just so happen, the rare occasion
the actual perpetrator is questioning them?”

Waiver of Counsel

In his first issue, appellant complains that the
trial court violated his Sixth Amendment right to counsel because his waiver of
counsel was not effective based on the following grounds: (1) the waiver was
not voluntary because appellant faced a “Hobson’s choice” between having
ineffective counsel or representing himself; (2) appellant was not
competent to waive his right to counsel because, as he informed the trial court,
he suffered from bipolar disorder and depression; and (3) the waiver was not made
knowingly and intelligently because the trial court did not confirm that appointed
counsel had represented appellant effectively.  Appellant asserts that these
purported errors are not subject to harmless error analysis, but we need not
reach that issue as we find no error by the trial court.

In all criminal prosecutions in which an accused may
be punished by imprisonment, the accused has the right to assistance of counsel
for his defense.  U.S. Const. amends. VI, XIV; Tex. Code Crim. Proc. Ann. art.
1.051 (Vernon 2005); see Faretta v. California, 422 U.S. 806, 807
(1975); Collier v. State, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997). 
In lieu of being represented by counsel, however, a defendant also has a Sixth
Amendment right to prosecute his own legal defense.  Faretta, 422 U.S.
at 818–21; see also Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann.
art. 1.05 (Vernon 2005).  For the decision to represent one’s self to be
constitutionally effective, a defendant must make the decision (1) competently,
(2) knowingly and intelligently, and (3) voluntarily.  Moore v. State,
999 S.W.2d 385, 396 (Tex. Crim. App. 1999).  

1.      Knowing,
Intelligent, and Voluntary Waiver

We address appellant’s first and third arguments
together regarding whether appellant’s waiver was knowing, intelligent, and
voluntary.  Appellant argues that his decision to represent himself was rendered
involuntary because his attorney was ineffective—thus putting him to a
“Hobson’s choice”[3]
between representing himself and relying on ineffective counsel.  Appellant
further complains that “appointed counsel’s failure to review the discovery and
the evidence with him render the waiver involuntary because it was not done
knowingly and intelligently” in light of the fact that the trial court did not
confirm whether appointed counsel had fulfilled her obligations to represent
appellant properly.

A decision to waive counsel and proceed pro se is
made “knowingly and intelligently” if it is made with a full understanding of
the right to counsel, which is being abandoned, as well as the dangers and
disadvantages of self-representation.  Moore, 999 S.W.2d at 396 n.5.  If
such factors are not otherwise apparent from the record, a trial court’s
inquiry regarding the accused’s waiver of counsel should center on his
background, age, experience, and education.  See Johnson v. State, 760
S.W.2d 277, 278 (Tex. Crim. App. 1988). The accused should be aware there are
technical rules of evidence and procedure and he will not be granted any
special consideration solely because he asserted his pro se rights.  Id.
at 279.  The trial court, however, need not follow a formulaic questioning or
particular script in ascertaining the knowing and voluntary nature of an
accused’s waiver of counsel, and a written waiver of the right to counsel is
not required.  See Burgess v. State, 816 S.W.2d 424, 428–29 (Tex. Crim.
App. 1991).

Here, appellant had repeatedly asserted his desire to
represent himself, despite numerous warnings from the trial court of the
potential consequences.  The trial court permitted appellant to represent
himself only after (1) informing him he had an absolute right to appointed
counsel; (2) admonishing him that he would be held to the same standards as an
attorney and would have to suffer the consequences of failing to make an
objection or making an improper one; (3) confirming that he knew the charges
against him and the potential range of punishment; and (4) determining that he could
read and write English, had no learning disabilities or communication
handicaps, and had graduated from high school and attended some college.  See
Collier, 959 S.W.2d at 626 (finding waiver valid after noting similar
admonishments and determinations by trial court and stating “that the trial
court tried repeatedly to impress upon appellant the extreme gravity of his
request to proceed pro se and the likelihood that it was a serious mistake”). 
Appellant confirmed that he understood the dangers and disadvantages of
self-representation as the trial court explained them to him, and thus his
waiver was knowing and intelligent.[4]

Appellant’s choice of self-representation, moreover, was
not rendered involuntary merely because it was motivated by his unwillingness
to proceed with the specific attorney appointed to represent him.  The Court of
Criminal Appeals, in a similar case, wrote: 

[G]iven the option
to proceed with unwanted counsel or to represent himself, and adequately
admonished as to the dangers and disadvantages, [the defendant] persisted in
his assertion of his right to self-representation.  Implicit in that assertion
is a valid waiver of the right to counsel.  We perceive nothing unfair in
putting an accused to this choice, so long as the trial court is satisfied he
is competent to make it, and that he does so informedly and with eyes open.

Burgess, 816 S.W.2d at
429.  At trial, appellant did not show adequate cause for appointment of a new
attorney.  See Thomas v. State, 550 S.W.2d 64, 68 (Tex. Crim.
App. 1977) (“The defendant must accept counsel assigned by the court unless he
effectively waives right to counsel in order to represent himself, or can
show adequate cause for appointment of a different attorney.”) (citation
omitted) (emphasis added).  On appeal, he merely points to his statements to
the trial court that he was “scared” and did not “know what else to do” and
that his counsel had not filed any motions.[5] 
He cites no authority to support his argument that “appointed counsel’s failure
to review the discovery and the evidence with [appellant] render the waiver
involuntary because it was not done knowingly and intelligently.”  The record,
in fact, does not show that appellant was dissatisfied with his appointed
counsel, but only that appellant wanted to represent himself because the State
would not give him the plea deal he wanted and he thought that his appointed
attorney would not fight as hard as he would to get an acquittal.  He told the
jury, “I was appointed . . . a very good attorney.  She has been very
helpful to me.”

Appellant voluntarily chose to forego representation
by his appointed counsel and repeatedly asserted his right to
self-representation after being fully informed of its dangers and
disadvantages.  The trial court thus had no choice, under these circumstances, but
to allow appellant to represent himself, despite the court’s numerous attempts
beforehand to dissuade him from that course of action.  See Burgess,
816 S.W.2d at 428–29 (“[S]hould the trial court deny new counsel, and the
accused unequivocally assert his right to self-representation under Faretta,
persisting in that assertion after proper admonishment, the court must allow
the accused to represent himself.”).  We, accordingly, hold that appellant’s
waiver of his right to counsel was made voluntarily, knowingly, and
intelligently.

2.      Competent
Waiver

Appellant complains that he was not competent to waive
his right to an attorney because he had previously been hospitalized for
bipolar disorder and depression and, at the time of trial, was in a cognitive
behavioral therapy program in the mental health unit in jail.

The competence that is required of a defendant seeking
to waive his right to counsel is the competence to waive the right, not the
competence to represent himself.  Indiana v. Edwards, 554 U.S. 164, 172
(2008); see also Dunn v. State, 819 S.W.2d 510, 523 (Tex. Crim. App.
1991).  The standard for waiving the right to counsel, generally, is no higher
than that for competency to stand trial: “[1] whether [the accused] has
sufficient present ability to consult with his lawyer with a reasonable degree
of rational understanding and [2] whether he has a rational as well as factual
understanding of the proceedings against him.”  Chadwick v. State, 309
S.W.3d 558, 560 (Tex. 2010) (citing Dusky v. United States, 362 U.S.
402, 402 (1960); Godinez v. Moran, 509 U.S. 389, 399 (1993))
(alterations in original).  In Indiana v. Edwards, however, the United
States Supreme Court “recognized a ‘mental-illness-related limitation on the
scope of the self-representation right.’”  Id. at 561 (citing Edwards,
554 U.S. at 171).  The Edwards Court held that “the Constitution permits
judges to take realistic account of the particular defendant’s mental
capacities by asking whether a defendant who seeks to conduct his own defense
at trial is mentally competent to do so,” thus permitting “States to insist
upon representation by counsel for those competent enough to stand trial under Dusky
but who still suffer from severe mental illness to the point where they are not
competent to conduct trial proceedings by themselves.”  Id. (citing Edwards,
554 U.S. at 177–78).  While recognizing that the lack of mental competence can
only under some circumstances form the basis for denying the right to
proceed pro se, the Edwards Court noted that “the trial judge . . . will
often prove best able to make more fine-tuned mental capacity decisions, tailored
to the individualized circumstances of a particular defendant.”  Id.
(citing Edwards, 554 U.S. at 177) (omission in original).  

With these foundational principles in mind, we observe
that “the trial judge is in the best position to make the decision of whether a
mentally ill defendant is competent to proceed pro se.”  Id.  We,
accordingly, review the trial judge’s ruling for an abuse of discretion.  Id. 
Mental competency to represent one’s self is a mixed question of law and fact
that turns on an evaluation of credibility and demeanor, so we must give almost
total deference to the trial court’s ruling on this issue.  Id.  We view
the evidence in the light most favorable to the trial court’s ruling and will
imply any findings of fact supported by the evidence and necessary to support
the trial judge’s ruling when the judge failed to make explicit findings.  Id.

The trial court, in allowing appellant to represent
himself, did not explicitly find that appellant was competent to waive counsel. 
But the following evidence supports an implied finding that appellant’s mental
illness was not severe enough to render appellant incompetent to represent
himself.  See id. at 562.  Appellant, in the past, had been treated for
bipolar disorder and depression and, at the time of trial, was being held in
the cognitive behavioral therapy program in the mental health unit in jail. 
Despite this, appellant showed an ability to communicate clearly and conduct
himself appropriately in court.  Appellant was respectful to the trial court, the
prosecutors, the witnesses, for the most part, and the jury; he proceeded in an
orderly fashion as guided by the trial court; he asked coherent questions, for
the most part, when he cross examined the State’s witnesses and presented
himself as a witness[6];
he objected to several questions and comments by the prosecutors; and he clearly
presented and articulated defenses of self defense and lack of motive.[7]  

No evidence in the record, moreover, shows that
appellant’s mental illness interfered with his functioning when trial
commenced. See Edwards, 554 U.S. at 165 (“[T]he nature of mental
illness-which is not a unitary concept, but varies in degree, can vary over
time, and interferes with an individual’s functioning at different times in
different ways . . . .”); see also Moore, 999 S.W.2d at 395 (“To raise
the issue of competency by means of the defendant’s past mental health history,
there generally must be evidence of recent severe mental illness or bizarre
acts by the defendant or of moderate retardation.”).  And bipolar disorder,
standing alone, does not preclude a competent waiver of counsel without some additional
showing the defendant is mentally incompetent to represent himself.  We hold,
under these circumstances, the trial court did not abuse its discretion in
allowing appellant to represent himself.  But cf. Chadwick, 309 S.W.3d
at 562 (affirming trial court’s implied finding of incompetency to waive
counsel when appellant had “engaged in a rambling monologue in which he
launched personal attacks on the prosecutor, the judge, the bailiffs, judges
from prior cases, and his attorney” and, before that, had filed “several
incoherent pro se written motions”).  

For the preceding reasons, we overrule appellant’s
first issue.

Discovery

In his second issue, appellant complains that the
trial court violated his rights to self-representation and due process by not ordering
the State to produce discovery, not giving appellant time to review the
discovery through a trial continuance, and requiring appellant to rely on
standby counsel to inform him of any evidence counsel deemed relevant.  

Appellant was admonished correctly that he would be
required to follow “all of the technical rules of evidence and appellate
procedure as an attorney would be required to do so.”  See Williams v. State,
252 S.W.3d 353, 356 (Tex. Crim. App. 2008) (“When advising a defendant about
the dangers and disadvantages of self-representation, the trial judge must
inform the defendant ‘that there are technical rules of evidence and procedure,
and he will not be granted any special consideration solely because he asserted
his pro se rights.’”) (citation omitted).  Appellant did not ask the trial
court to order the State to produce discovery and thus has not preserved that
issue for appeal.  Tex. R. App. P. 33.1(a) (to preserve complaint for appellate
review, requiring party to have presented to trial court timely request,
objection, or motion stating specific grounds for ruling desired); see
Anderson v. State, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) (noting due
process rights are subject to procedural default).  Likewise, appellant was
required to present a sworn written motion for continuance to preserve error on
that issue for appeal, but he did not do so.  See Anderson, 301 S.W.3d
at 280 (holding appellant forfeited appellate due-process challenge to trial
judge’s denial of his unsworn oral continuance motion by failing to comply with
procedural requirements); McClinton v. State, 38 S.W.3d 747, 750 (Tex.
App.—Houston [14th Dist.] 2001), pet. dism’d, 121 S.W.3d 768 (Tex. Crim.
App. 2003) (“If a motion for continuance is not sworn
and in writing, nothing is presented for our review.”).  We thus hold
that appellant has waived these issues, and we do not consider them on appeal. 

Appellant’s remaining complaint is that he was deprived
of due process when the trial court required him to rely on discovery that had
been provided to his appointed counsel.  We disagree.  Appellant waited until
six months into the case, four days before trial, to request to represent
himself.  Appellant then notified the trial court that he had not had a chance
to look at the medical evidence or the State’s pictures.  The trial court
responded, “Well, that’s because you decided to represent yourself, you know,
48 hours before you were to start trial.  But you’ve had an attorney for a
number of months . . . .”  Appellant was not entitled to waive his right to
counsel a few days before trial and then delay trial to review evidence that
his appointed counsel already had had ample time to review.  See Dunn,
819 S.W.2d at 520 (holding right to effective assistance of counsel “cannot be
manipulated in such a manner so as to throw the trial process into disarray”). 
Appointed counsel also notified the trial court that her investigator had met
with appellant many times before trial and reported to him “everything that she
has done in the investigation, information that she had concerning the
witnesses, and that sort of thing.”  Appellant also admitted that his counsel previously
had met with him in jail.  The trial court informed appellant that appointed
counsel had access to any information that appellant had not seen and would be
with him at trial to assist.  We hold that appellant was not deprived of due
process in having to rely on appointed counsel under these circumstances,
particularly when he initiated his right to self-representation so close to
trial.  See Barnes v. State, 921 S.W.2d 881, 882 (Tex. App.—Austin 1996,
writ ref’d).[8]

We overrule appellant’s second issue.

Comments on Self-Representation

In his third issue, Appellant contends that the trial
court erred in permitting the State to comment on appellant’s asserting his
right to self-representation during the State’s cross-examination of appellant
and during the State’s closing argument.  

To preserve error, a defendant must make a timely and
specific objection.  Tex. R. App. P. 33.1(a); Ganther v. State, 187
S.W.3d 641, 649 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d).  Thus, a
general objection does not preserve error on appeal—the legal basis for the
objection must be specifically stated.  Valdez v. State, 826 S.W.2d 778,
782 (Tex. App.—Houston [14th Dist.] 1992, no writ).  Absent an objection, a defendant
waives error unless it is fundamental—that is, the error creates egregious
harm.  Ganther, 187 S.W.3d at 650.  Egregious harm is such harm that a
defendant has not had a fair and impartial trial.  Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984); id.

Appellant did not object to the State’s question
during his cross-examination, “And you actually, in fact, have to be in control
so much that you are here representing yourself in court today; right?” 
Appellant did object to the State’s rhetorical question during closing
argument, “How many victims out there ever think for one moment that when they
have to come to court and be victimized again by an attorney questioning them,
that it might just so happen, the rare occasion the actual perpetrator is
questioning them?” as follows, “She [the victim] never knew that I was going to
be representing myself.”  Appellant did not state the legal basis for this
objection.  Appellant, thus, did not properly preserve error on appeal as to
either comment by the State.  See Valdez, 826 S.W.2d at 782.  

Even if appellant had preserved error, it was
harmless error.  From the record it is evident that the jury was well aware
that appellant was exercising his right to represent himself.  This was
discussed with the jurors by the judge, appellant, and the State during voir
dire, when the jury was empaneled, and during trial.  The jurors were aware
that the trial was not going to operate as it normally would if appellant was
represented by counsel.  Notably, appellant also commented during his closing
argument, “I chose to represent myself.  So no one made me represent myself.  I
chose to do this, so I’m not trying to say it’s their fault.”  Even if
appellant had preserved his complaint about the prosecutor’s comments for our
review and they were error, their effect was dissipated, did not interfere with
the functioning of jury in determining the facts, and did not contribute to the
verdict.  See id.  Thus, the error created by the State’s comments, if
any, was harmless.  The State, moreover, did not ridicule or impugn appellant’s
choice of self-representation, and the State’s comments did not rise to such a
level as to bear on the presumption of innocence or vitiate the impartiality of
the jury.  See Ganther, 187 S.W.3d at 650.  The error, if any, in
the State’s comments, accordingly, did not create egregious harm.

We overrule appellant’s third issue.

Conclusion

Having determined that the trial court did not commit
error, we overrule appellant’s issues on appeal.  The judgment of the trial
court is affirmed.

                                                                                    

                                                            /s/                    Martha
Hill Jamison

                                                                                    Justice

 

 

Panel consists of Justices
Frost, Jamison, and McCally. 

Publish — Tex. R. App. P. 47.2(b).

 









[1] The trial court asked
appellant, “And are you going to defend yourself and be subject to all the
rules of law as any attorney would be?” to which appellant replied, 

I mean, I’m not gonna mix words with
you, sir, I’m scared.  I’m sufficiently scared and afraid because I know I’m
not a lawyer.  But, I mean, that's—I don't know what else to do except I know
that only—what separates me and Ms.—Ms. Prosecutor, which she’s been very
gracious, I’m not saying she hasn’t, is 1 year.

Appellant later told the jury
that “a very good attorney” had been appointed to him but he had nonetheless
opted to represent himself.





[2] The trial court later
explained that he denied the continuance because appellant waited until a few
days before trial to decide to represent himself and he had had an opportunity
to review the discovery for a number of months prior through his appointed
attorney.  See Burgess v. State, 816 S.W.2d 424, 428 (Tex. Crim.
App. 1991) (“A request for a change in counsel cannot be made so as to obstruct
the orderly procedure in the courts or to interfere with the fair
administration of justice.”).





[3] A “Hobson's choice”
is “[a]n apparently free choice that offers no real alternative.  [After Thomas
Hobson (1544-1631), English liveryman, from his requirement that customers
take either the horse nearest the stable door or none.]”  The American Heritage Dictionary 615
(2d Ed. 1991) (alterations in original).

 





[4] We and the First Court of
Appeals have both held, moreover, that admonishments to a defendant about the
perils of self-representation are not required (though preferable) when, as in
this case, standby counsel has been appointed.  See Robertson v.
State, 934 S.W.2d 861, 864–66 (Tex. App.—Houston [14th Dist.] 1996, no
writ); see also Walker v. State, 962 S.W.2d 124, 126–27 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d).





[5] Appellant’s brief also
states, “Mr. Cudjo stated that appointed counsel had not prepared for trial or
met with him prior to trial.”  There is no cite to this statement in the
record, and the record reflects otherwise: appellant told the trial court, “But
as of six months into this case . . . , I asked my attorney what was going on
with the investigation . . . .  She came up here to see me.  And she sent
someone else from her company up here to see me.”  Appointed counsel, moreover,
explained to the trial court that her investigator had spoken with appellant
many times regarding the status of the investigation and information regarding
potential witnesses.  Appellant did tell the trial court that he had not had an
opportunity to obtain discovery, look at his attorney’s notes, or “look at any
of the evidence.”  But appellant has not shown how this amounts to ineffective
assistance by his appointed counsel, especially when appellant waited until virtually
the eve of trial to waive his right to counsel.  See Robles v. State,
577 S.W.2d 699, 704 (Tex. Crim. App. 1979) (“[A]n accused’s right to represent
himself or select his own counsel cannot be manipulated so as to obstruct the
orderly procedure in the courts or to interfere with the fair administration of
justice.”).





[6] The trial court required
appellant to present his testimony in question-and-answer format so that the
State would have an opportunity to object as needed.





[7] Appellant admitted that
he stabbed the complainant, Ochenna Okeke, but claimed that she attacked him
first and that he stabbed her in self defense.  He further attempted to show
that he had no motive to attack Okeke.





[8] In holding the appellant’s
choice of self-representation was not rendered involuntary because it was
motivated by the appellant’s unwillingness to proceed with his appointed
attorney, the Third Court of Appeals noted:

Appellant’s unhappiness with the
attorneys who were appointed to represent him stemmed from his unwillingness to
trust them to prepare for trial.  Appellant filed a pro se motion for discovery
and demanded that he personally be given all the material listed in the motion.
 Appellant was not willing to accept counsels’ assurances that they had seen
the prosecutor’s file and otherwise been provided appropriate discovery.

Id.