

# NUMBERS 13-14-00192-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOHN MICHAEL WEATHERLY
A/K/A LOCO,                                                        **Appellant,**

**v.**

THE STATE OF TEXAS,                                            **Appellee.**

## On appeal from the 252nd District Court
## of Jefferson County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes**
**Memorandum Opinion by Justice Perkes**[1]

Appellant, John Michael Weatherly, a/k/a Loco, appeals his conviction for the

offense of impersonating a public servant, a third degree felony. *See* TEX. HEALTH &

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, the appeal has been transferred to this Court from the Ninth Court of Appeals in Beaumont. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 46 of 2015 R.S.).

SAFETY CODE ANN. § 37.11 (West, Westlaw through Ch. 46 of 2015 R.S.). A jury convicted Weatherly and, at the conclusion of the punishment phase of trial, sentenced him to twenty-five years imprisonment.[2] Weatherly contends that the trial court erred by not granting his motions for mistrial based on: (1) insufficient time for appellant to prepare for trial; and (2) appellant's pro se selection of a jury panel without assistance of counsel. We affirm.

## I. BACKGROUND

On October 26, 2011, Weatherly entered the M&M convenience store wearing a yellow raincoat and a yellow hardhat with a visor covering his face. The raincoat was marked "FD" and the hardhat was marked "BFD." When he entered, he was talking into a black box that looked like a radio. He asked where the breaker was and claimed there had been power issues in the area. He told a store employee that he was checking to make sure the electricity was working properly in the store. Weatherly then went behind the counter and grabbed a stack of lottery tickets. The store clerk asked Weatherly to put the tickets back, and Weatherly began to leave the store. As he was leaving, a customer stood in front of the door and blocked his exit. The customer pushed Weatherly against the wall and detained him until the police arrived. When Officer Timothy Dinger arrived on the scene, he took Weatherly into custody. After collecting statements from witnesses, Officer Dinger arrested Weatherly for robbery and impersonating a public servant. Weatherly was later indicted for impersonating a public servant. *See* TEX. HEALTH & SAFETY CODE ANN. § 37.11.

---

[2] The sentence was enhanced by two prior felony convictions.

Prior to trial, Weatherly had two court-appointed attorneys, but at trial Weatherly elected to proceed pro se. Before voir dire, the court cautioned Weatherly, at length, regarding the dangers of self-representation and appointed Weatherly's former attorney to sit with Weatherly to advise him in the event he needed aid during trial. The following is an example of one of the exchanges between the trial court and Weatherly:

THE COURT: Mr. Weatherly, just to put some things on the record here: You've been advised of the punishment ranges and the charges against you; is that right?

THE DEFENDANT: Uh-huh.

THE COURT: And you stated that you fully understand all of that, and it's your desire to represent yourself?

THE DEFENDANT: Right.

THE COURT: I have to tell you I feel like you're in an extreme disadvantage if you do that.

THE DEFENDANT: Not really.

THE COURT: You know, this is our profession. [The prosecution] has been doing this a long time. We've all been to law school here, and you have not.

THE DEFENDANT: I agree with you. I have much respect for that.

THE COURT: I just wanted you to be aware that we would advise you to get an attorney or to even let us appoint one because you will be held to the same rules of evidence and the same rules of procedure that [the prosecution] is and every other lawyer in this court is, and I know you're probably not as familiar with those rules and that will be to your disadvantage and typically that will work against you. You're facing two life sentences here.

THE DEFENDANT: Yes, ma'am.

The trial court also admonished Weatherly that:

3

I cannot give you any special privilege or anything like that. And if you don't know how to properly ask the questions or how to properly admit the evidence, then it just won't come in. You won't be able to do it, and I won't be able to advise you how to do it.

During voir dire, Weatherly did not ask the potential jurors any questions or exercise any strikes. After the jury was selected, the trial court again admonished Weatherly concerning the dangers of self-representation. Weatherly then withdrew his waiver of counsel, and the trial court appointed Weatherly's former attorney to represent him. His attorney moved for mistrial because he did not have sufficient time to prepare for trial, and on the basis of ineffective assistance of counsel concerning Weatherly's pro se jury selection. The motions were denied.[3]

## II. STANDARD OF REVIEW

When reviewing a trial court's ruling on a motion for mistrial, courts apply an abuse of discretion standard. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). An appellate court reviews the evidence in a light most favorable to the trial court's ruling and considers only the arguments before the court at the time of the ruling. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009) (citing *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)). The appellate court does not substitute its judgment for that of the trial court, but instead decides whether the trial court's ruling was arbitrary or unreasonable. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). If the trial court's ruling is within the zone of reasonable disagreement, it must be upheld. *Espinosa v. State*, 328 S.W.3d 32, 38 (Tex. App.—Corpus Christi 2010, pet. ref'd). Only

---

[3] Upon issuing its ruling, the trial court noted Weatherly had invoked his right to a speedy trial, which was taken into consideration when denying his motions for mistrial. U.S. CONST. amend VI; TEX. CONST. art. 1, § 10.

"highly prejudicial and incurable errors" necessitate a mistrial.   *York v. State*, 258 S.W.3d 712, 715–16 (Tex. App. —Waco 2008, pet. ref'd).

### III.    INSUFFICIENT TIME TO PREPARE FOR TRIAL

Weatherly first contends the trial court erred in not granting a mistrial because his attorney had insufficient time to prepare for trial.   Specifically, Weatherly maintains that "[t]he [trial] court should have granted the newly appointed legal counsel's motion [for mistrial] so he could be prepared and able to represent [Weatherly] from start to finish, not coming in halfway to the error already done by a 'Pro Se' defendant."   We disagree.

### A. Applicable Law

Generally, counsel has ten days to prepare for trial unless that time period is waived with the consent of the defendant.   *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(e) (West, Westlaw through Ch. 46 of 2015 R.S.).   However, Texas Code of Criminal Procedure article 1.051(h) provides an exception to this general rule when counsel is appointed after the defendant withdraws a prior waiver of counsel.   *Cole v. State*, 929 S.W.2d 102, 103 (Tex. App.—Beaumont 1996, pet ref'd).   Article 1.051(h) states:

> A defendant may withdraw waiver of the right to counsel at any time but is not entitled to repeat a proceeding previously held or waived solely on the grounds of the subsequent appointment or retention of counsel. If a defendant withdraws a waiver, the trial court, in its discretion, may provide the appointed counsel 10 days to prepare.

TEX. CODE CRIM. PROC. ANN. art. 1.051(h).   The plain language of article 1.051(h) affords the trial court discretion whether to give counsel an additional 10 days to prepare for trial. *Barnes v. State*, 921 S.W.2d 881, 883 (Tex. App.—Austin 1996, pet ref'd).

### B. Analysis

5

The record indicates that Weatherly's attorney was appointed on October 29, 2012, and that he served as appellant's counsel through July 29, 2013. The prosecutor represented to the trial court that Weatherly's attorney had been to his office several times to discuss the case, receive discovery, and discuss potential plea bargains. Weatherly's counsel was again appointed on February 24, 2014, to assist him at trial. All told, counsel was assigned to the case for almost a year.

We conclude that, under these facts, the trial court properly exercised its discretion under article 1.051(h), and was not required to grant Weatherly's appointed counsel extra time to prepare. *See Cole*, 929 S.W.2d at 102 (holding trial court did not abuse its discretion by not granting defendant's court-appointed attorney an extension after defendant withdrew waiver of counsel). Moreover, Weatherly did not seek the less drastic remedy of a continuance before moving for a mistrial.[4] "An appellant who moves for a mistrial without first requesting a less drastic alternative forfeits appellate review of that class of events that could have been cured by the lesser remedy." *Ocon*, 284 S.W.3d at 886–87; *see Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000) (concluding that the trial court did not abuse its discretion in denying the appellant's motion for mistrial when the appellant had not requested the less drastic remedy of a continuance).

## C. Conclusion

The trial court did not abuse its discretion in denying appellant's motion for mistrial based on insufficient time to prepare for trial. We overrule appellant's first issue.

---

[4] Weatherly's attorney moved for a mistrial, but did not make a separate motion for a continuance.

## IV.    PRO SE REPRESENTATION

Weatherly also contends that the trial court erred by not granting his motion for mistrial based on defendant's pro se representation during jury selection.    Specifically, Weatherly notes that during his pro se representation "he made no meaningful attempt at picking a jury for his case."    Because Weatherly's waived his right to counsel,[5] we disagree that he is entitled to a "do-over" on account of his alleged ineffective pro se representation.

A defendant who elects to represent himself cannot thereafter complain that the quality of his representation amounted to the denial of effective assistance of counsel. *See Faretta v. California*, 422 U.S. 806, 834 n. 46 (1975); *Williams v. State*, 549 S.W.2d 183, 189 (Tex. Crim. App. 1977).    Further, as set out above, "[a] defendant may withdraw waiver of the right to counsel at any time but is not entitled to repeat a proceeding previously held or waived solely on the grounds of the subsequent appointment or retention of counsel."    TEX. CODE CRIM. PROC. ANN. art. 1.051(h).

The record reflects that Weatherly waived his right to counsel and elected to proceed pro se in jury selection.    Having done so, he cannot now complain about the effectiveness of his pro se representation, and he is not entitled to repeat a proceeding previously held.    *Faretta* 422 U.S. at 834 n. 46; *See Williams*, 549 S.W.2d at 189. Because Weatherly waived his right to counsel, the trial court did not act unreasonably or

---

[5] We note that Weatherly does not raise the issue of whether his waiver of counsel was knowing and voluntary, so we do not decide that question here.    *See Faretta v. California*, 422 U.S. 806, 835 (1975) (holding that waiver of right to counsel must be knowing and voluntary).

arbitrarily in denying Weatherly's motion for mistrial based on appellant's pro se jury selection.   We overrule appellant's second issue.

## V.   CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of July, 2015.